## WACTOR *v.* MARSHALL.

Where an execution is levied upon certain property of the defendant, which is fully described in the entry of the levy, an affidavit of illegality thereto, which does not otherwise identify the premises levied upon than by reference to the levy, is sufficient; and the affidavit of illegality being in other respects regular, it was error for the judge to dismiss it upon the ground that it did not appear therefrom that the execution was proceeding against the property of the defendant.

Argued October 18, — Decided November 29, 1897.

Affidavit of illegality.    Before Judge Butt.    Taylor superior court.    April term, 1897.

*R. D. Smith*, for plaintiff in error.

*Brannon, Hatcher & Martin*, contra.

ATKINSON, J.    An execution in favor of Marshall, based upon a judgment rendered against Wactor and several other persons, had been levied upon certain of the property of Wactor.    He filed an affidavit of illegality, which was received by the sheriff and returned into court.    When the case was called for trial, a motion was made to dismiss it upon the ground that the affidavit did not state upon whose property the fi. fa. was levied, or that it was levied on, or proceeding against, the defendant's property.    The affidavit stated as follows: "a certain fi. fa. issued from the superior court of said [Taylor] county in favor of T. J. Marshall against J. W. Wactor and E. F. Beall, principals, and James Philman, H. W. Windham, and William Byrd, securities, and levied by M. L. Riley, sheriff of said county, upon certain property described in said levy, is proceeding illegally for the following reasons," etc.    The levy of

the execution was in the following words: "I have this day levied the within fi. fa. on sixty acres of lot No. seven in Agency Reserve in said county, being land where J. W. Wactor now lives. Levied on as the property of J. W. Wactor." The court sustained the motion and dismissed the affidavit of illegality. The affiant excepted.

Civil Code, § 4736 provides as follows: "When an execution against the property of any person shall issue illegally, or shall be proceeding illegally, and such execution shall be levied on property, such person may make oath in writing, and shall state the cause of such illegality, and deliver the same to the sheriff, or other executing officer, as the case may be, together with bond and good security for the forthcoming of such property, as provided by this Code." Section 4737 provides, "No affidavit of illegality shall be received by any sheriff, or other executing officer, until a levy has been made." It will be seen from an examination of these sections of the code, that in order to authorize a defendant in execution to file an affidavit of illegality, the execution must be proceeding against him, and his property must have been levied upon under that execution. The question in the present case is, whether there was a sufficient averment that the property of the defendant in execution had been levied upon, to support the affidavit of illegality. We think there was. Under the ruling of this court in the case of *Dever* v. *Akin*, 40 *Ga.* 429, where an affidavit of illegality has been filed to an execution, the execution itself becomes a part of the record in the case, and necessarily with it the entries which are thereon written. While affidavits of illegality are to be strictly construed against the affiant, there is no rule of law which authorizes this court to disregard the well-recognized rule of pleading which prevails in this State, that where a fact is stated in one part of the record material to be considered in the determination of a question arising upon another part, such fact may be as effectually stated by reference as though the same had been expressly incorporated in that portion of the pleading in which it is designed to state it. The levy which appears upon the execution in this case was clear and distinct in its statement that it had been levied upon the

property of the defendant in execution; and the affiant, having for the purpose of identifying the property levied upon referred to the levy which had been made upon the execution, sufficiently identified the property to meet the requirements of the sections of the code above recited. We are clear, therefore, that the court erred in dismissing the affidavit of illegality upon the motion made.

*Judgment reversed. All the Justices concurring.*