## THOMPSON *v.* FAIN.

1. Where an affidavit of illegality and the execution have been returned into court, under the Civil Code, § 5307, it is the duty of the court to determine "thereon" at the first term, unless the plaintiff or his attorney desires to controvert the facts contained in the affidavit. In that event an issue shall be joined, and tried by a jury. The proper method of joining issue is in writing; and where objection is made by the attorney for the affiant to proceeding to the jury in the absence of any traverse or issue joined or tendered, it is error for the court to overrule the objection merely because the attorney for the plaintiff states orally that he joins issue.

2. Where an affidavit of illegality contains allegations of fact in the nature of affirmative defenses, upon issue joined the burden of establishing them rests on the affiant.

3. The ground of illegality which set up that some part of the costs was not properly taxed against the affiant was so vague and indefinite as to show no reason why such taxation was illegal, and was properly stricken.

JANUARY 22, 1913.

Illegality of execution. Before Judge Pendleton. Fulton superior court. October 23, 1911.

*J. S. James,* for plaintiff in error. *Moore & Branch,* contra.

LUMPKIN, J. 1. When an affidavit of illegality to the levy of an execution has been filed, and the execution, affidavit, and bond

have been returned to the proper court, "it shall be the duty of said court to determine thereon at the first term, unless the plaintiff or his attorney desire to controvert the facts contained in said affidavit, in which case an issue shall be joined, which issue shall be tried by a jury at the same term, unless good cause is shown for a continuance." Civil Code, § 5307. The statement that the court shall "determine *thereon* at the first term," unless it is desired to controvert the facts, evidently means that the court shall determine the case on the face of the record, from an inspection of the execution and affidavit of illegality. If the plaintiff is not satisfied to have the facts stated in the affidavit, and not conflicting with the execution and the entries thereon, to be assumed to be true, he must make it appear that he desires to controvert them. In that event the statute declares that "an issue shall be joined, which issue shall be tried by a jury." Where the statute requires an issue to be joined, especially in a court of record, the proper mode of joining it is in writing, not merely by an oral statement of counsel that he joins issue. If the parties proceed to try the questions of fact raised by the affidavit of illegality, without objection, perhaps they might waive or estop themselves from afterward raising the point that issue was not formally joined. But where counsel for the defendant who interposes the illegality distinctly raises the point that there has been no traverse of the grounds and no issue joined, and that the only question before the court for determination is as to the sufficiency of such grounds, it is error to compel him to proceed to a jury trial without any joinder of issue, and merely on the statement of adverse counsel that he joins issue. There is nothing in the decisions in *Dever* v. *Akin,* 40 *Ga.* 423; *Wactor* v. *Marshall,* 102 *Ga.* 746 (29 S. E. 703); *Miller* v. *Perkerson,* 128 *Ga.* 465 (57 S. E. 787); *James* v. *Cooledge,* 129 *Ga.* 860 (60 S. E. 182), which conflicts with what is here ruled, when the language employed in those decisions is considered in connection with the points then under consideration. The statute requires the execution and the affidavit of illegality to be returned to the court. For the purpose of that case they become in the nature of record, or, as it has been expressed, the execution and the affidavit of illegality are the pleadings. This is not technically exact. Pleadings are the written contentions of the parties tending to the formation of an issue. An execution is

not the written contention of a party, but is the mandate of a court. Furthermore, pleadings, strictly so called, belong permanently on file in the court where they are deposited. After the trial of an issue raised by an affidavit of illegality, the execution is not forever fastened as a part of the pleadings in the court where such issue was tried. If this were so, how would the execution ever proceed further? Could the plaintiff never have possession of it to levy on other property? Could the defendant destroy its usefulness as an active mandate by interposing an affidavit of illegality and getting it returned into court? In a broad and general sense, for the purpose of that case, under the statutory procedure, the execution and the affidavit of illegality may be treated as performing the functions of pleading and as being before the court as record, and subject to be brought to this court as a part of the record, should there be an exception. But what has been said in the cases mentioned does not hold the execution to be pleading in the strict or technical sense, or that the execution and the affidavit are all that is necessary to· carry the case to a jury, over objection on the part of the affiant that the facts alleged in his affidavit must be taken to be true, unless an issue is joined. There may be an issue of law as well as an issue of fact, and the court may consider the execution and the affidavit of illegality in determining whether the grounds of illegality are sufficient or meritorious. But if the affiant demands that the records of the court shall show whether the plaintiff desired to test the issues of fact, he is entitled, under the terms of the statute, to have this appear in permanent form. It was accordingly error to overrule the objection, raised by counsel for the party filing the affidavit of illegality, to proceeding to the jury without any issue having been made up or joined. Whether this would be true of such additional matters as bringing in the sheriff as a party and traversing his return is not before us for determination.

2. Where an affidavit of illegality is interposed to a levy, and contains allegations of fact in the nature of affirmative defenses, upon an issue formed the burden of establishing such facts rests upon the affiant. _Harris_ v. _Gormerly,_ 62 _Ga._ 160; _Smith_ v. _Camp,_ 84 _Ga._ 117 (10 S. E. .539).

3. The ground of the affidavit of illegality which alleged that some part of the cost was not properly taxed against the affiant

was vague and indefinite, and did not show the nature of the case or sufficient reason why the particular items of cost complained of could not be legitimately taxed against the affiant. There was no error in striking it on motion.

The amount involved in this case was small, and it seems to have been tried somewhat hastily. The bill of exceptions recites that the execution which formed the basis of the proceeding was not in court. The result may be the same on another trial, but we think that the interest of proper procedure requires that there shall be one. *Judgment reversed. All the Justices concur.*