### 5130.   McLEOD *v.* BIRD.

1. The recitals of fact in an affidavit of illegality must be taken as true, unless written traverse or joinder of issue be filed. If, however, the affiant goes to trial before a jury without distinctly objecting on the ground that no such traverse or joinder of issue has been filed, he will be estopped thereafter from raising the objection.
2. In the absence of proof to the contrary, it will be presumed that a court of general jurisdiction had before it sufficient evidence of service to authorize the rendition. of a judgment. Where, however, there is upon the record no evidence of service, the party attacking the judgment by affidavit of illegality makes out a prima facie case by showing that he was never served and never waived service; and such proof shifts the burden upon the opposite party to prove either that the defendant in

the judgment was legally served or waived service, or that he had notice of a valid return of service and failed to traverse it within the time allowed by law.

DECIDED DECEMBER 9, 1913.

Affidavit of illegality; from city court of Reidsville—Judge Collins. June 3, 1913.

*Way & Burkhalter*, for plaintiff in error.

POTTLE, J. The issue tried arose upon an affidavit of illegality, which set up that the judgment was void because the defendant had never been legally notified of the pendency of the suit and did not waive service by appearing and pleading or otherwise. The affiant insists that the court erred in holding that he carried the burden of establishing the truth of his affidavit of illegality, on account of the fact that there had been no joinder of issue. It has been distinctly held by the Supreme Court that where the parties in an illegality case do not join issue in writing, the facts stated in the affidavit of illegality must be taken as true, and the affiant is not bound to proceed to trial before a jury where there has been no traverse of the grounds of illegality. *Thompson* v. *Fain,* 139 *Ga.* 310 (77 S. E. 166). It is pointed out, however, in that decision that if the parties should proceed to a trial of the truth of the grounds of the affidavit of illegality without objection, this perhaps would amount to a waiver of the right to thereafter raise the point that issue was not formally joined. In the present case the affidavit did not in the court below distinctly object to proceeding to trial before issue was joined; and, by introducing evidence to sustain the truth of his affidavit of illegality, without a distinct objection on this ground, he must be held to have waived the joinder of issue.

The court erred, however, in directing a verdict against the affiant. In the absence of proof to the contrary, there is a presumption in favor of a court of general jurisdiction, that it would not render a judgment unless it had before it evidence of legal service. This presumption, however, is always subject to be rebutted by proof, because a judgment rendered without service or waiver thereof is absolutely void. If the records of the court show evidence of legal service, then the burden is on the party challenging the jurisdiction of the court, to show that the record does not speak the truth. In order to do this, he must traverse the return of the officer showing service, at the first term of the court after

notice of the entry, and make the officer a party, in order to give him an opportunity to be heard upon the issue of the service. If the record affirmatively shows that no legal service was made, the judgment is void on the face of the record, and no other proof is necessary. If the record is silent on the question, then the presumption in favor of the court's judgment would give aid to the party obtaining the judgment, and the burden would be upon any one attacking the judgment to show that he was not served. If the record is lost, and therefore it can not be ascertained whether the court had in fact before it evidence of service, the person attacking the judgment would make out a prima facie case by showing that he had never in fact been served. It is not essential that he should go further and show that no entry of service had been made by any officer of the court competent to make service. The party claiming under the judgment could then reply by establishing a copy of the record showing a valid entry of service. If this be done, it would then be necessary for the party attacking the judgment to traverse this entry and make the officer a party, or the party claiming under the judgment might overcome a prima facie case made by the attacking party by showing either of two things: (1) He could do so by showing that there had been a valid entry of service and that the defendant in the judgment had notice of this entry at or before the preceding term of the court; or (2) he might defeat the defendant in the judgment by disproving the facts to which he had testified and showing that he had been actually legally served. These questions are substantially settled by the decision of this court in *Weaver* v. *Webb, 3 Ga. App.* 726 (60 S. E. 367). In the present case, notwithstanding the plaintiff in error waived the joinder of issue by introducing evidence without distinctly objecting upon the ground that issue had not been joined, he offered evidence, which was uncontroverted, that he had not been served and had not waived service, and had not appeared and pleaded. He further showed that diligent search had been made in the clerk's office and no record of any entry of service could be found. This was enough to make out a prima facie case in his favor and shift the burden to the other side. The court therefore erred in directing a verdict against him.                         *Judgment reversed.*