CONNELL *v.* OFFICERS OF COURT.

LUMPKIN, J. 1. There was no merit in the exception based on the refusal of the court to dismiss the levy, to which an affidavit of illegality had been interposed, on the ground that no issue was joined by the plaintiffs, and that the facts set out in the affidavit of illegality were not controverted, it appearing from the record that upon the call of the case issue was joined in writing upon the affidavit of illegality by the plaintiffs in fi. fa., and the allegations of the affidavit were denied.

2. An execution for costs was levied, and an affidavit of illegality was interposed. On the trial an oral motion to dismiss the levy was made, on the ground that there was no judgment upon which the fi. fa. could issue. The execution, which was before the court and was introduced in evidence, commanded the sheriffs of the State and their lawful deputies, of the goods and chattels, lands and tenements, of the defendant in execution, to cause to be made the sum of $61.10 for costs, with interest from a specified date, "which at our superior court for said county, to wit, on the 28th day of November, 1911, officers of court recovered against [the defendant in execution] for principal, interest, and costs." An itemized bill of costs for the amount above stated, and also for one or two additional items, such as issuing the execution and entering it on the execution docket, was attached. No evidence was introduced showing that in fact there was no judgment for costs on which the execution was based, as recited in it. *Held,* that there was no error in overruling the motion to dismiss the levy.

(*a*) Under the facts above mentioned, it will not require a new trial that the judge stated, in substance, that when a man had been convicted, the court could assess against him a fine and costs up to the time of the

conviction; that if he sought to carry his case to the Supreme Court or to the Court of Appeals, the court could not remit ("deal with") the costs accruing by reason of such exception and carrying up the case for review, the judgment having been affirmed,; nor that he further added, in substance, that the defendant in execution had been convicted of two misdemeanors and fined certain amounts, and that there were costs which had accrued up to that time; but that the costs involved in the pending case were those accruing by reason of the making of the motion for a new trial and the carrying of the case to the Court of Appeals, where the judgment was affirmed. These statements were apparently made to counsel in connection with their oral motion to dismiss the levy. In the motion for a new trial error was assigned on the ground that the judge assumed the rôle of a witness, and that the matters referred to in his statement were matters of record, and he should not have made such statement before the jury. It does not appear that any objection or suggestion in regard to the judge becoming a witness, or as to the fact that the matters mentioned were matters of record, was made at the time. Under the facts of the case, as above stated, these remarks of the judge will not require a new trial. The verdict directed was necessary, under the facts, regardless of such remarks.

3. Under the evidence there was no error in directing a verdict against the affidavit of illegality, or in overruling the motion for a new trial.

<em>Judgment affirmed. All the Justices concur.</em>

MAY 13, 1916.

Affidavit of illegality of execution. Before Judge Edwards. Haralson superior court. December 30, 1914.

*J. S. Edwards* and *M. Bullard,* for plaintiff in error.

*Griffith & Matthews,* contra.