21600. ROGERS *v.* PETTY.

BROYLES, C. J. 1. "Where an affidavit of illegality and the execution have been returned into court, under the Civil Code, § 5307, it is the duty of the court to determine 'thereon' at the first term, unless the plaintiff or his attorney desires to controvert the facts contained in the affidavit. *In that event an issue shall be joined, and tried by a jury.*" (Italics ours.) *Thompson* v. *Fain,* 139 *Ga.* 310 (77 S. E. 166). In the instant case, as shown by the untraversed answer of the magistrate to the petition for certiorari, a written traverse to the affidavit of illegality was filed, and the issue thus raised was properly tried by a jury.

2. In view of the facts set forth in the untraversed answer of the trial magistrate, the order issuing an alias execution was properly granted. See, in this connection, Civil Code (1910), §§ 5321, 5324. Notice to the defendant in such a proceeding was not necessary. *Lowry* v. *Richards,* 62 *Ga.* 370 (1).

3 "The jury in a justice's court may correct their verdict at the time of returning it and before they have dispersed or been discharged, when they have made a mistake in writing it out." *Almand* v. *Scott,* 83 *Ga.* 402 (5) (11 S. E. 653); *Baker* v. *Thompson,* 89 *Ga.* 486 (5) (15 S. E. 644).

4. The verdict was authorized by the evidence, and none of the assignments of error in the petition for certiorari show harmful error; and the certiorari was properly overruled.

5. This court not being satisfied that the writ of error was prosecuted for the purpose of delay only, the request of the defendant in error that damages be assessed against the plaintiff in error is denied.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED SEPTEMBER 4, 1931.

*William E. & W. Gordon Mann,* for plaintiff in error.
*R. Carter Pittman,* contra.