21982, 22020. JEANES *v.* MAYOR AND ALDERMEN OF MILLEDGE-VILLE; and *vice versa.*

STEPHENS, J. 1. Joinder of issue by a traverse of an affidavit of illegality may be made at any time before trial. *Connell* v. *Officers of Court*, 145 *Ga.* 231 (88 S. E. 927). Upon the call for trial of a case made by the return of an affidavit of illegality interposed to the levy of an execution by the City of Milledgeville to collect a paving assessment against the affiant's property, the court did not err in overruling the affiant's motion to strike a written traverse to the affidavit of illegality, filed by the plaintiff when the case was called for trial.

2. Where the law does not make the records of the proceedings of a municipal corporation the only evidence of the proceedings, any facts with reference to the proceedings of the governing body of the municipal corporation which do not appear in the minutes or records of the body may be established by parol evidence. Dillon on Municipal Corporations (5th ed.), § 557. Where it does not appear from the records of the proceedings of the mayor and aldermen of the City of Milledgeville that an ordinance passed by that body, which provided for the laying of a pavement, was, before its adoption, read three times as provided by law as a condition precedent to the validity of the ordinance, and where the law does not make the records of the proceedings of the body the only evidence as to its proceedings, the fact that the ordinance had, before its adoption, been read three times may be established by parol evidence. Upon the trial of an issue formed by an affidavit of illegality interposed to the levy of an execution issued by the City of Milledgeville against the affiant and his property for the cost of paving a street upon which the affiant's property abutted, where the only defense inter-

posed was that the levy and the assessment were invalid by reason of the fact that the ordinance which provided for the laying of the pavement was invalid in that, prior to its adoption by the mayor and aldermen of the city, the ordinance had not been read three times as required by the charter of the city, and where it did not appear from the evidence that the records of the mayor and aldermen of the city showed that the ordinance had, prior to its adoption, been read three times as required by law, parol evidence of one who was the clerk of the council at the time of the passage of the ordinance, that the ordinance was read three times, is sufficient to establish the fact that the ordinance was read three times prior to its adoption; and where there was no evidence to the contrary a verdict and judgment finding against the affidavit of illegality and in favor of sustaining the levy were as a matter of law demanded.

3. Evidence that it had been the practice in proceedings before the mayor and aldermen of the city for ordinances passed by that body to be read only one time was incompetent as tending to show that the ordinance in question had not been read three times.

4. The court did not err in excluding the testimony offered by the defendant, and in directing a verdict for the plaintiff.

5. Since the case was withdrawn from the jury and a verdict was properly directed, any question as to the disqualification of any member of the jury is immaterial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. .Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 23, 1932.

*Hammond & Kennedy, Frank W. Bell,* for plaintiff in error.
*Hines & Carpenter, Spalding, MacDougald & Sibley, Marion H. Allen, Erwin Sibley,* contra.