26219. BEAVERS *v.* CASSELLS.

DECIDED MAY 15, 1937. ADHERED TO ON REHEARING, JULY 8, 1937.

*R. L. LeSueur,* for plaintiff.   *E. L. Forrester,* for defendant.

SUTTON, J.   F. G. Beavers filed in the superior court a petition for certiorari to Hon. E. W. Feeney, judge of the city court of Leesburg, reciting that on January 18, 1928, he obtained a

judgment in that court against G. T. Cassells for the principal sum of $1029.83, together with interest, attorney's fees, and costs; that on February 13, 1928, an execution thereon was duly issued, and that one of the attorneys in said suit was the Hon. E. W. Feeney, the present judge of the city court of Leesburg; that on February 18, 1936, the execution was by the sheriff levied on certain land in Lee County, to which levy the defendant Cassells filed an affidavit of illegality, which was returned by the sheriff to said court. The affidavit attached to the petition as exhibit B recites the levy, and alleges that on or about February 18, 1928, the affiant and Beavers agreed that if the affiant would transfer and assign to the latter a $200 note due to affiant by John Council, Beavers would accept such transfer and assignment, and that, if and when the indebtedness was paid, the sum so realized would be accepted in full accord and satisfaction and compromise of the execution indebtedness; that affiant did transfer and assign such note to Beavers, who, on July 28, 1928, effected collection from Council; that the said agreement, accord, satisfaction, and compromise agreement had been fully executed, and for that reason the affiant was not indebted to Beavers on said execution indebtedness in any manner whatsoever, and that the execution should be canceled and delivered up to him; that Beavers took and kept the money so collected; that under their agreement the same was in full satisfaction of the execution indebtedness; that the matter came on for a hearing at the regular April term, 1936, of the city court of Leesburg, which convened on April 20, 1936; that petitioner, due to a misunderstanding as to which court the case would be tried in, and when tried, did not appear in court on April 20, 1936, and that in his absence the said judge set the case for trial. The petition then sets forth the testimony which it alleges was given, and alleges that on April 20, 1936, after hearing the case without a jury, the judge rendered judgment sustaining the illegality, dismissing the levy and quashing the execution. A copy of the judgment was attached to the petition as exhibit C.

It was further alleged that thereafter the petitioner filed a motion to vacate the judgment, the motion being amended on April 27, 1936, a copy of the motion being attached as exhibit D. This motion recites the judgment on the note, the execution, the levy, and the sheriff's advertisement of sale, and the affidavit of illegality

dated April 6, 1936; that on the first Tuesday in April the petitioner was advised by the sheriff of the filing of such affidavit of illegality, and that the attorney of Cassells furnished him with a copy thereof, the copy not showing to what court the affidavit had been returned, and in some manner petitioner received the impression that it had been returned to and would be tried in the superior court of Lee County; that on April 16, or April 17, 1936, he engaged an attorney to represent him; that his attorney was busily engaged in the preparation of other cases, and, though he left with his attorney certain papers which on examination would have shown him that the illegality was pending in the city court, the attorney did not have time to examine them and was under the impression that the case was pending in the superior court; that petitioner and his attorney did not attend the regular April term, 1936, convening on April 20, 1936, petitioner being absent from home, and the case coming on for trial, and there being, on account of the aforementioned misunderstanding, no traverse to the affidavit of illegality, the court rendered judgment sustaining the illegality, a copy being attached as exhibit A; that on the afternoon of the same day the attorney for the opposite party advised petitioner's attorney of such judgment, whereupon he telephoned the judge of such misunderstanding. The grounds of the motion were that the petitioner and his counsel failed to appear in court because of the aforementioned misunderstanding; that no sufficient evidence was produced to warrant the judgment rendered; that the allegations of the affidavit of illegality were not true; and that petitioner was prepared to prove that the agreement as to the acceptance of the $200 note was in writing, and when introduced in court would prove the allegations of the affidavit to be untrue. It was alleged in the petition for certiorari that the motion to vacate was overruled, a copy of the judgment being attached as exhibit E; that during the same term of court, on April 24, 1936, the plaintiff filed his traverse, a copy of which was attached as exhibit F; and that on April 29, 1936, he filed a formal joinder of issue, a copy being attached as exhibit G. Error was assigned on the judgment of April 20, 1936, sustaining the illegality and quashing the execution, and on the judgment of May 8, 1936, refusing to vacate the same, the grounds substantially stated being: (a) that the presiding judge was dis-

qualified, because he had been of counsel in obtaining the judgment on which the execution issued; (b) that no entry of levy had been made upon the execution, and there was no issue to be tried, and the nunc pro tunc entry allowed by the court after the illegality hearing had ended was ineffectual to cure the omission; (c) that it was error for the court to enter the judgment as rendered, and that the only thing the court was authorized to do was to discontinue the case or dismiss the levy on motion; and that it was an abuse of discretion on the part of the judge not to vacate the judgment of April 20, 1936.

The answer of the judge verified the fact of judgment having been rendered on the note, the execution, and the affidavit of illegality, but denied that he had been of counsel in the suit on the note, answering that he had taken the judgment only as a matter of courtesy to the plaintiff's attorney, without charging or receiving a fee, and not even knowing the plaintiff or having any dealings with him; that no traverse of the affidavit of illegality was filed before the hearing thereon; that after setting the case down for a hearing and having the sheriff attempt, without success, to get in touch with Beavers, and there being no appearance for him, the judge heard evidence merely to determine if there was any merit in the affidavit, but he did not consider the same in determining the issue, and therefore did not include it in his answer, having determined the case on the question of law presented by the execution and the untraversed affidavit; that he overruled a motion to vacate the judgment; and that the joinder of issue was allowed to be filed afterward, subject to the ruling on the motion to vacate. The answer did not state what judgment was rendered on the issue made by the execution and the affidavit of illegality, or on the motion to vacate, or against whom the judgment of April 20, 1936, was rendered; but it was added at the bottom of the answer: "True copies of all proceedings in said case are hereby certified as true and sent up, all of which your respondent submits." However, the record does not show that any papers were in fact attached to the answer. On the hearing the judge of the superior court overruled the certiorari, and the plaintiff excepted.

A syllabus opinion was rendered in the present case on May 15, 1937, and on a very earnest motion for rehearing, and request that this court address itself more in detail as to what the

movant conceived the issues to be, the motion was granted. On the rehearing the original judgment is adhered to, and this opinion substituted for the syllabus opinion of May 15, 1937. The plaintiff withdraws his contention that the trial judge was without authority to allow the sheriff to make an entry nunc pro tunc on the execution, but urges that the answer of the judge makes an issue of law as to his disqualification; that he erred in rendering the judgment of April 20, 1936, and was without authority to quash the execution, and also erred in his judgment of May 8, 1936, in overruling the motion to vacate. It is apparent from the answer of the judge that the grounds of the assignments of error were not verified, and therefore nothing was presented to the superior court for decision. Grounds of assignments of error and recitals of fact in a petition for certiorari, not affirmatively verified in the answer of the trial judge of the lower court, can not be considered. *Shirling* v. *Kennon,* 119 *Ga.* 501 (2) (46 S. E. 630); *Moore* v. *Coleman,* 28 *Ga. App.* 427 (111 S. E. 579); *Reese* v. *Miller,* 33 *Ga. App.* 442 (126 S. E. 904); *Ralls* v. *Jones,* 40 *Ga. App.* 218 (149 S. E. 291). It is urged by the plaintiff that the case is controlled by *Georgia Southern & Florida Railway Co.* v. *Goodman,* 4 *Ga. App.* 631 (62 S. E. 97), *Phillips* v. *Jones,* 7 *Ga. App.* 141 (66 S. E. 401), and *Brown* v. *Atlanta,* 123 *Ga.* 497 (51 S. E. 507), in which it was held that where the copy of the proceedings, sent up by the magistrate as a part of his answer, shows that a final verdict or judgment was rendered in the case in the court below, this is a sufficient verification of the existence of such verdict or judgment. In the present case, however, the record does not show that any such copy of the proceedings was sent up with the answer of the trial judge, although the statement of the judge indicates an intention to attach such papers. The answer being incomplete in that respect, if the applicant for certiorari desired such information before the superior court it was his duty to except to the answer, in order that the judge might have been required to complete it. Code, § 19-302. Instead of attaching verified copies of the proceedings, the judge might have adopted in his answer the allegations of the petition as to the rendition of the judgments as shown by the exhibits attached to the petition; but where neither is done, there is no verification of the judgments alleged to have been rendered.

On the question of the disqualification of the trial judge, he affirmatively answered that he was not of counsel. It is urged that inasmuch as on the back of the execution a notation had been made that he was attorney for the plaintiff in execution, and because his name appeared on the docket, an issue of law was made by the denial of the judge that he was of counsel and had no knowledge of, and did not authorize, the placing of his name on such records; and it is contended that the superior court should have passed on the alleged issue and found that he was disqualified. In certiorari, the answer of the trial judge, where not traversed or objected to, is the only source from which the facts and rulings can be ascertained, and is conclusive. *Hopkins* v. *Southern Ry. Co.*, 110 *Ga.* 85, 87 (35 S. E. 307); *Gilmore* v. *Georgian Co.*, 17 *Ga. App.* 759 (88 S. E. 416); *Howard* v. *Holland*, 29 *Ga. App.* 186 (114 S. E. 549); *Cunningham* v. *Atlanta*, 37 *Ga. App.* 634 (141 S. E. 214); *Martin* v. *State*, 43 *Ga. App.* 334 (158 S. E. 803); *Adams* v. *Bishop*, 46 *Ga. App.* 32 (166 S. E. 460). When the applicant for certiorari did not traverse, as he might have done, the answer of the trial judge in that respect, the answer was conclusive and binding on both the superior court and this court. Thus it is seen that in no particular was there anything for determination by the superior court. Moreover, on the merits of the case, the superior court did not err in overruling the certiorari. "When the levy shall have been made, and affidavit and bond delivered to the officer as herein provided, it shall be the duty of such officer to suspend further proceedings on such execution, and return the execution, affidavit, and bond to the next term of the court from which the execution issued; and it shall be the duty of said court *to determine thereon at the first term thereof,* unless the plaintiff or his attorney shall desire to controvert the facts *contained in said affidavit,* in which case an issue shall be joined, which issue shall be tried by a jury at the same term, unless good cause is shown for a continuance." (Italics ours.) Code, § 39-1006; *Thompson* v. *Fain*, 139 *Ga.* 310 (77 S. E. 166). "The recitals of fact in an affidavit of illegality must be taken as true, unless written traverse or joinder of issue be filed." *McLeod* v. *Bird*, 14 *Ga. App.* 77 (80 S. E. 207). The affidavit of illegality had not been traversed at the time of the hearing; and in view of the recitals therein as to the settlement of the indebtedness by ac-

cord and satisfaction, the judge was authorized, as a matter of law, to find in favor of the defendant in execution.

But it is urged that the judge exceeded his authority in not merely sustaining the illegality, but in quashing the execution. As far back as *Chambers* v. *McDowell*, 4 *Ga.* 185, 187, it was said, in an opinion by Judge Nisbet: "If the notes were taken in payment of the execution by agreement, it is as effectually extinguished as if paid in gold or silver. The judgment is satis-fied, and the execution, having discharged its office, is defunct. It is as impotent as a blank sheet of paper." Or, as was held in *Lowry* v. *Richards*, 62 *Ga.* 370: "If the judgment has been paid, the process is functus officio." All life having left the body of the execution, it was ready for judicial interment. The court properly gave it that direction by quashing the process. It is contended, in extenuation of the failure of the plaintiff to file a traverse and to appear in court, that his counsel was under the impression that the affidavit of illegality was returnable to the superior court, and, being quite busy with the preparation of other cases, he simply failed to follow up the matter. The plaintiff may be commiserated, but his forgiveness is not demanded. "'Where parties have a case in court, it is their duty to attend and look after their interests. They can not remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them.' *Seifert* v. *Hall*, 82 *Ga.* 757 (3) (9 S. E. 843). 'They are bound to take notice of the time and place of trial and of when their presence is required.' *Eady* v. *Napier*, 96 *Ga.* 736 (22 S. E. 684) ; *Ayer* v. *James*, 120 *Ga.* 578, 581 (48 S. E. 154)." *Lovelace* v. *Lovelace*, 179 *Ga.* 822, 825 (177 S. E. 685) ; *Hurt Building Inc.* v. *Atlanta Trust Co.*, 181 *Ga.* 274, 286 (182 S. E. 187). The execution in the present case was issued from the same court to which the affidavit of illegality was returnable. The plaintiff did not even employ a lawyer until about four days before the convening of the court, although he already knew that the affidavit had been furnished to the sheriff, and he had been given a copy of it. "Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate the same. Such discretion will not be controlled unless manifestly abused." *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E.

823) ; *Perkins* v. *Castleberry*, 119 *Ga.* 702 (46 S. E. 825) ; *Phillips* v. *Phillips*, 124 *Ga.* 912 (53 S. E. 457) ; *Gaines* v. *Gaines*, 169 *Ga.* 432, 433 (150 S. E. 645). The movant must show "that he has not been in fault, or has exercised due diligence and vigilance, or if he has been negligent he must show in like manner that the negligence was excusable." *Pryor* v. *American Trust &c. Co.*, 15 *Ga. App.* 822, 828 (84 S. E. 312). In the present case it is not claimed that the plaintiff was misled by the opposite party. It appears that his difficulty was brought about solely by the negligence or inadvertence of himself or his attorney; and we can not say that the judge abused his discretion in holding such conduct to be inexcusable, and in overruling the motion to vacate.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

On rehearing the original judgment is adhered to, and the present opinion substituted for the previous one.