### 28921.  TATHAM *v.* LANIER.

SUTTON, J.  1. Grounds 2 and 5 of the affidavit of illegality did not set up any defense to the foreclosure affidavit, and the judge did not err in striking them on motion of the plaintiff.

2. The ground of demurrer to the foreclosure affidavit, that the copy of the conditional-sale contract was not verified, was without merit. The copy attached to the foreclosure affidavit was sufficiently verified to meet the requirements of the Code, § 67-701, by the statement contained in the affidavit that the defendant was indebted to the plaintiff in a stated sum, upon the contract a copy of which was alleged to be attached and made a part thereof. *Thigpen* v. *Vidalia Chemical Co.*, 42 *Ga. App.* 563 (156 S. E. 635).

3. No traverse having been filed or issue joined, the judge erred in refusing to determine on the affidavit of illegality, and, over the objections of the defendant, in forcing him to a trial of the case. "Where an affidavit of illegality and the execution have been returned into court, under the Civil Code, § 5307 [1933, § 39-1006], it is the duty of the court to determine 'thereon' at the first term, unless the plaintiff or his attorney desires to controvert the facts contained in the affidavit. In that event an issue shall be joined, and tried by a jury. The proper method of joining issue is in writing; and where objection is made by the attorney for the affiant to proceeding to the jury in the absence of any traverse or issue joined or tendered, it is error for the court to overrule the objection merely because the attorney for the plaintiff states orally that he joins issue." *Thompson* v. *Fain*, 139 *Ga.* 310 (77 S. E. 166). See also *McLeod* v. *Bird*, 14 *Ga. App.* 77 (80 S. E. 207);

*Beavers* v. *Cassells*, 56 *Ga. App.* 146, 152 (192 S. E. 249). The refusal of the court to determine on the affidavit of illegality rendered all proceedings thereafter nugatory.

4. The appellate division of the civil court of. Fulton County erred in affirming the rulings by the trial judge refusing to determine on the defendant's affidavit of illegality, in forcing the defendant into a trial of the case, and overruling the defendant's motion for new trial.

*Judgment reversed.* *Stephens, P. J., and Felton, J., concur.*

DECIDED MAY 19, 1941.

*Louis M. Tatham, Eldon Haldane,* for plaintiff in error.
*Reynolds & Brandon,* contra.