**WILCKE, Plaintiff, v. SMITH, Defendant.**

Municipal Court of the City of Dayton (Civil Division).

No. 81541. Decided 1946.

556

A. W. Meyring, Dayton, for plaintiff.
John W. Dale, Dayton, for defendant.

**SYLLABI BY THE COURT**

**OPINION**

By McBRIDE, J.:

This matter in forcible entry and detainer was submitted to the Court without a jury. Towards the close of the case plaintiff moved for judgment on the pleadings and the testimony. It is the opinion of the Court that this motion submitted the case on its merits to the Court and it is overruled for any other purpose.

There is no dispute as to ownership or the service of the notice required for eviction. The facts clearly show that the defendant failed to pay the rent due February 19, 1946 on time and that subsequently the defendant paid and the plaintiff accepted a $24.00 item, due for coal. The defendant admits that the plaintiff had a cause of action but insists that it was discharged by the tender, retention and failure to reject and return the money orders given to the plaintiff which were sufficient to fully satisfy the rent claimed.

The testimony showed the delivery to the plaintiff by registered mail of two orders for money totalling $120.00 cover-

ing the rent to May 18, 1946. These orders were delivered by the plaintiff to his attorney. Neither the plaintiff nor his attorney formally or informally accepted or rejected them. On the trial of the cause, the plaintiff furnished no testimony as to what disposition he made of the money orders. There is no testimony of any assertion communicated to the defendant that said orders would not be and were not accepted in payment of rent. And both sides rested without the orders being returned, rejected or so much as introduced in evidence. Defendant then requested and was granted permission to re-open the case for the purpose of cross examining the plaintiff. Instead, counsel agreed to the introduction of the two money orders as plaintiff's exhibits, but again there was and still is a complete failure to explain the continued retention by the plaintiff and his attorney of the money orders as well as a complete failure to reject them and offer to return them to the defendant. The Court considers this feature to be the paramount issue in this case especially in view of the fact that the orders were sufficient to pay the rent for a period beyond the date of the trial.

Plaintiff originally had a clear case under Section 6 (a) of the rent regulations. The tender made by the defendant while admittedly late was received by the plaintiff by mail and never rejected, never returned or tendered back, despite the fact that the case was re-opened once in the anticipation of such a move.

In this connection, we must notice that the money orders represent a cash investment which cannot be recovered without the instruments themselves. It is not such a situation as exists where checks are delivered and the maker has a continued right to stop payment. The Court in this case is asked not only to grant restitution, but a money judgment as well—and this at a time when the plaintiff has in his possession and maintains his right to continued possession and control of orders payable to himself, purchased by the defendant with actual cash, tendered by the defendant for the purpose of satisfying this very debt. Attorney for plaintiff advances the theory that after securing restitution and receiving a personal judgment, the plaintiff may then attach these orders, now in the custody of this Court, for the purpose of satisfying the judgment.

The Court is not aware of the necessity of a party to a case resorting to attachment to repossess his own exhibits tendered in the presentation of a cause.

It is the duty of the Court to decide in this case whether these orders are the property of the plaintiff or the defendant. If we find them to be the property of the plaintiff, the rental account is satisfied and the judgment is for the defendant; if the money orders were not accepted by the plaintiff, then they must be returned and the judgment awarded to the plaintiff. This alternative is forced upon the Court by the emergency price regulations since plaintiff's action is based on Section 6 (a) entitling him to sue when there is a non-payment of rent. It would be contrary to the purpose of that act for this Court to order an eviction and permit the landlord to retain possession and control of the equivalent of cash, tendered by the statutory tenant to pay rent in advance of the period prayed for in the Statement of Claim and a period—by the way—which has not yet expired.

The question has been raised that a money order, or similar instrument which is not subject to cancellation, is not legal tender under the statutes. This is true only if objection is made on that specific ground. The retention of the money order for any purpose constitutes a waiver of the form of the medium of payment. This law is embodied in the Restatement of the Law of Contracts, Volume I, Section 305 (1932), which goes so far as to say:

"Where performance of either a condition or a promise requires the payment of money, and tender is made of a valid check or of some form of currency which is not legal tender for the purpose, and the tender is rejected without a statement that a ground of objection is the medium of payment, the tender is not thereafter open to that objection, if legal tender could have been obtained and seasonably tendered had objection to the medium of payment been stated."

To the effect that objections to a tender are waived unless specified at the time, we find 17 C. J. S. Contracts, Page 991, cited in Blackford v Judith County, 126 ALR 645, 98 P (2nd) 872.

"Even if tender is not made in a medium that is legal tender it may be good if objection is not made on that ground. It has long been settled, both in England and in this country,

that a tender of payment in current bank notes, where bank notes constitute the common currency of the country, is good, unless objected to on account of the medium of payment offered. And elementary writers have gone so far as to say that if a tender is made in a bank check, which is refused because it is not drawn for so much as the creditor demands, it is a good tender. A fortiori, tender made in a certified bank check, and not objected to on grounds of medium of tender, should be good.

Hence, an offer to pay in bank notes is equivalent to an offer to pay in specie, unless objected to, and constitutes a sufficient tender of payment."

Where a landlord received a tender of a money order by registered mail, he is generally under no obligation to accept the order in payment, however, his assent is manifested by his acts, or his failure to act. Acceptance will be implied if he retains the tender after a reasonable length of time, unless he otherwise manifests a different intent. Whether the landlord acted within a reasonable time is a question of fact. In Equitable L. Assurance Soc. v Brandt, 134 ALR 557, 198 So 595, this law was applied to a somewhat similar situation.

In any event, this Court believes that the plaintiff is not permitted to retain the sum tendered and continue to maintain an action as if the tender had not been made and the sum tendered not retained by the plaintiff.

"Acceptance of the thing tendered doubtless may be inferred from circumstances; but in order to hold a person to an implied acceptance, knowledge that the tender is made or the delivery attempted must be shown, unless under some peculiar and special circumstances, or by some established custom, the obligee is bound to possess such knowledge."

In the instant case the landlord did not open the registered letters on advice of his attorney. But his attorney had full knowledge of their contents.

The Court is familiar with the case of Pillot v Moss 72 O. P. 492, 27 O. O. page 428 in which the third syllabus is as follows:

"No acceptance of payment of rent is shown where the

landlord, without cashing them, holds as evidence, money orders for such payment."

The Court said that such retention for use as evidence was not "tantamount to acceptance thereof by the plaintiff especially in view of her continued assertion, communicated to the defendant, that said money orders would not be and were not accepted as in payment of rent."

We are entirely in accord with the law in the foregoing case. The money orders are the best evidence of delinquent tender, however, it is necessary that such evidence be used in connection with a refusal to accept as well as a tender of the money orders back to the defendant.

The question, then, may be simply stated, is the plaintiff by his receipt of the money orders, his failure to reject and communicate such rejection to the defendant and his failure to reject and offer to return such money orders prior to the close of the trial estopped from denying acceptance? Stated in other words, is there a duty implied in law on the part of the plaintiff to reject and return the money orders he has received and retained in his or his agent's possession?

The plaintiff in this case failed to return or offer to return the money orders. There is no testimony in the case upon which we can find that any such effort was made by the plaintiff. Indeed, the record and oral arguments for the plaintiff reveal an intent to retain and continue to maintain plaintiff's right to the money in question, which in view of its nature and the waiver as to its medium must be considered as good as legal tender. These facts clearly distinguish the instant case from that of Pillot v Moss, to which we have referred.

A landlord may retain the money orders for use as evidence, however, it is encumbent upon him to establish that said orders were not accepted as rent and that this fact was communicated to the defendant. (In this case the defendant "never heard a thing about it".) It is not necessary to decide whether this failure of proof could have been corrected by a refusal and tender back at the trial, since such action was not taken in the instant case.

The Court is not impressed by the fact that the orders were not endorsed nor cashed. It is sufficient that plaintiff failed to reject and re-deliver and still maintains his right to possession and control of these valuable instruments.

For the reasons we have outlined, and since the orders were offered reluctantly and then only under a stipulation protecting plaintiff's right to them we are forced to the conclusion that plaintiff has accepted them, whether this acceptance operated as an estoppel or by implication of law from the evidence in this case. Consequently it is the finding of the Court from the preponderance of the evidence that the de- titled to maintain this action under the rent regulations.

An entry may be drawn accordingly including permission to plaintiff to withdraw his exhibits.