SCHMIDT, Plaintiff-Appellee, v HUMMELL, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3981. Decided June 6th, 1947.

Thomas W. Applegate, Columbus, for plaintiff-appellee.
Isadore L. Margulis, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus, Ohio, for plaintiff for $13.33, and costs, for rental, and an order of restitution of premises to the plaintiff.

Four errors are assigned:

1. In overruling defendant's motion for dismissal and entering judgment in his behalf at the close of plaintiff's evidence and at the close of all the evidence.

2. The verdict and judgment of the Municipal Court is contrary to law.

3. That the verdict was in direct conflict with the defendant's constitutional rights.

4. That no cause of action existed at the time of the trial on behalf of the plaintiff and appellee against the herein defendant.

The action was for forcible detention of premises owned by the plaintiff and occupied by the defendant as a tenant from month to month. The plaintiff-owner, desiring to secure possession of the premises which he had acquired prior to October 20, 1942, requested authority from the Office of Price Administration to institute his action in eviction, which was granted. Notice, of date October 31, 1946, was given to the defendant by the plaintiff, stating that he desired possession of the premises on and after ten days from October 31, 1946, pursuant to O. P. A. regulations. On the 29th of October, 1946, defendant's counsel mailed to the plaintiff a money order payable to him in the sum of $40.00 and therewith a letter to the effect that the money order was for rent for the month of November, 1946. On October 31, 1946, plaintiff's counsel ac-

knowledged receipt of the money order and stated that he had been retained to obtain possession of the property occupied by the defendant, and that the plaintiff desired to terminate defendant's tenancy and that the money order "is not accepted as rent by Mr. Schmidt and is being retained by me as evidence in any future legal action which might be necessary." There after, on November 12, 1946, plaintiff instituted his action, in the first cause of which he sought restitution of the premises and in the second cause, money judgment of $13.33—the amount of rent that had accrued from November 1st to the 10th day of November, 1946.

To this petition defendant answered by way of general denial and the cause came on for trial on issue thus drawn. Upon the record there is little or no dispute in the evidence and there is presented the question whether or not plaintiff is entitled to a judgment on either or both causes of action.

The evidence discloses that the money order was sent and received according to the respective claims of the parties, but it was not proffered at the trial nor was it tendered back to the defendant.

It is the claim of appellee that no issue was, or could be, made whether or not the receipt and retention of the money order was a payment of rent or affected or extinguished plaintiff's right to restitution of the premises because payment was not plead. This contention, no doubt, is correct as to the second cause of action for money judgment. It is incorrect as to the first cause of action.

The question for the determination of the trial court upon the first cause of action was whether or not the plaintiff was entitled to the possession of the premises as of the date of the notice to leave them. The clearance of the O. P. A. merely authorized the plaintiff to proceed in his action to eject the defendant and did not relieve him in any particular of the obligation to make full proof of his right to the possession of the premises. The letter from the Area Rent Attorney to a Judge of the Municipal Court clearly states this obligation in this language:

"It should be understood that plaintiff must prove the facts set forth in his Notice of Eviction before he is entitled to judgment in his favor."

Any evidence which would be probative on the issue as to the respective rights of the parties to the possession of the premises was competent and admissible. No answer is required in a forcible detention action but if one be filed it does

not necessarily restrict the introduction of any defensive matter. It is stated generally, Paducah Home Oil Company v Paxton, 222 Ky. 778, 56 A. L. R. 797.

"All defenses, both legal and equitable, may be made under a plea of not guilty in a forcible entry and detainer proceeding."

Farmer v Pitts (Neb.), 24 A. L. R. 719. This statement in Ohio as to the Municipal Court should be modified to include "legal defenses only" because that Court does not have equitable jurisdiction.

It is obvious that although the basic cause for the plaintiff's demand for his property was that he had the right to occupy it, under O. P. A. regulations, it is manifest that if he received and accepted payment of rent, as such, for the period covered in his action and by his notice to leave the premises, he could not be heard to say that he was entitled to their possession. The condition under which the money order was sent to him two days before his notice to leave was definitely set out in the letter from defendant's counsel. The conditions under which the money order was accepted were, in the first instance, set out in the letter from plaintiff's counsel in which he expressly stated that plaintiff was not accepting the money as rent but for evidential purposes only.

It is difficult to appreciate for what purpose this money order, tendered as it was before the rent was due, could have been admissible on any issue before the Court. However, conceding that it may have been held until the trial and there offered as evidence, the purpose of the plaintiff to no longer retain it and not to accept the benefits thereof, should have been expressed at the trial. This was not done and at no time has the plaintiff tendered his money order back to the defendant.

Nor has there been at any time objection made to the medium of payment. In this situation the offer was equivalent to a tender in lawful money. 40 Am. Jur., "Payment", Sec. 68; Thompson v Crains, et al., 12 A. L. R. 931; Gaunt v Alabama Bound Oil and Gas Co., 23 A. L. R. 1288; Minsky, et al. v Zieve, 51 A. L. R. 391.

The acceptance and retention of the money order by plaintiff has made it impossible for the defendant to recover back the money which was paid to secure it and the plaintiff only can control its disposition. Having retained it at all times, it must be held that it is solely retained as rental covering the

period included in the judgment for restitution of the premises. The only logical conclusion to be drawn is that this money was payment for the month of November. This being true, the defendant and not the plaintiff was entitled to the possession of the premises on November 10th, 1946.

"Except where the instrument is shown to be worthless or to have been lost or destroyed, it is a condition to recovery that the creditor surrender to the debtor the instrument taken, so that the debtor may be secure against an action thereon by a bona fide holder, into whose hands the paper may have come." 40 Am. Jur. "Payment," Sec. 69.

The specific question raised here has not heretofore been determined in Ohio, or elsewhere, so far as we are able to find, but an analogous principle, even as to payments made after notice, is recognized in an annotation to Barlowe v̇ Hoffman (Colo.) 120 A. L. R. 562. The annotator draws this conclusion:

"The courts are not in accord on the question whether acceptance by the landlord of, or action or distress by him for, rent accruing subsequent to the expiration of the notice to quit, constitutes a revocation or waiver of the notice to quit.
"(1) The great weight of authority holds that it constitutes a waiver."

Citations are made supporting the note from seven states, the District of Columbia, the United States, England and Canada. Some of the cases hold that:

"Payment by the tenant and acceptance by the landlord of rent, even after expiration of a notice by the landlord to quit, and much less during the running of the notice, is not in itself a waiver on the part of the landlord of the notice so given, but is merely evidence to be considered in connection with the circumstances of the case."

Western Union Telegraph Company v Pennsylvania Rd. Co., 120 F. 362. **Pillot v Moss, 72 Oh Ap. 492.**
This last case is typical of those wherein the tenant sent a check, or money order, **after** the notice to quit the premises and where the money order or check may be used as evidence as showing payment after default and is in conflict with **Wilcke v Smith, 45 Abs 555.** For a case somewhat like our case, see Hartell v Blackler, 2 K. B. 161, 10 B. R. C. 478.

In the instant case, the plaintiff took judgment for the period from November 1st to November 10th, inclusive. The money order tendered before any arrearage, if accepted, paid the rent not only for this period but for all of the month of November. In addition to the judgment covering ten days rent and the money order for the whole month of November, the defendant posted bond, the effect of which was to secure the rent for another period of five months if the judgment was properly entered against him. The retention of the money by the plaintiff under these circumstances can only be reconciled upon the theory that he expects to retain it and this can only be done upon the theory that it is rental for the month of November.

The judgment on the first cause of action was not supported by the evidence and should have been for the defendant and judgment thereon will be entered' in this Court for the defendant. The judgment on the second cause of action will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.