### 36486. ASSOCIATES DISCOUNT CORPORATION *v.* GENTRY.

CARLISLE, J. Where, to a proceeding brought by an assignee on October 11, 1955, to foreclose a conditional-sale contract covering a described automobile for the failure of the purchaser, a resident of Georgia, to make his first monthly payment on September 24, 1955, in accordance with the terms of the contract, which required payment to be made "in such coin or currency of the United States of America as at the time of payment shall be legal tender for the payment of public and

private debts" at the assignee's office in South Bend, Indiana, the defendant in fi. fa. interposes his affidavit of illegality in which he alleges that the first monthly payment was made under the precise terms of the contract, and that the mode of payment was by a United States postal money order in the proper amount, of which the plaintiff in fi. fa. took possession, but which, "without any reason or cause [it] returned" to the defendant in fi. fa., the trial court does not err in overruling the motion of the plaintiff in fi. fa. to dismiss the affidavit of illegality, based on the ground that the illegality constituted no defense to the execution. "As a general rule objections to the medium in which tender [of payment] is made may be waived and this rule has been incorporated into some statutes." 86 C. J. S. 569, § 26, and cit.; and see Code § 20-1105; *Turner* v. *Williams,* 29 *Ga. App.* 751 (5) (116 S. E. 553). And this principle of law has been specifically applied with reference to United States postal money orders in various ones of our sister States, where it has been held that tender of payment by means of a money order is sufficient in the absence of an objection to it as a medium of payment, although the contract required payment in legal tender. See Schmidt *v.* Hummell, 81 Ohio App. 167 (73 N. E. 2d 806), and citations. See also in this connection Downey *v.* Hicks, 55 U. S. 240 (14 L. ed 404). The affidavit of illegality was untraversed and the allegations of fact contained therein are to be taken as true in the absence of such traverse. *Beavers* v. *Cassells,* 56 *Ga. App.* 146 (5) (192 S. E. 249). There was, consequently, no objection by the plaintiff in fi. fa. to the money order as an improper medium of payment as it is alleged in the affidavit of illegality that the money order was returned without any reason or cause.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 29, 1957.

*Robert Edward Surles,* for plaintiff in error.
*Bobby Lee Cook,* contra.