41103.   OWEN v. CUNNINGHAM et al.

DECIDED MARCH 3, 1965—REHEARING DENIED MARCH 24, 1965.

*Frank Sutton,* for plaintiff in error.

*Reinhardt, Ireland & Whitley, Glenn Whitley,* contra.

FELTON, Chief Judge. The court's ruling, that it was too late for the plaintiff in fi. fa. to file a traverse at the time requested, followed by summarily granting a judgment in favor of the defendants in fi. fa. solely upon the grounds set out in their affidavits of illegality, raises the question whether the plaintiff in fi. fa. must file a traverse to an affidavit of illegality which has been filed to a levy under an execution of a foreclosure of a mortgage on personalty in order to join the issue for trial by a jury.

There are two separate sections in our Code which pertain to filing of affidavits of illegality to executions, namely: §§ 39-1006 and 67-801. These sections, although dealing with different types of executions, may be, and apparently have been, confused with each other. Title 39 is applicable to executions issued upon common law judgments (*Code* § 39-101 provides that "[e]xecutions . . . shall be issued by the clerks of the several courts *in which judgment shall be obtained. . .*") (Emphasis supplied). Chapter 67-8, on the other hand, applies to defenses to foreclosure of mortgages on personalty.

*Code* § 39-1006 provides as follows: "When the levy shall have been made, and affidavit and bond delivered to the officer as herein provided, it shall be the duty of such officer to suspend further proceedings on such execution, and return the execution, affidavit, and bond to the next term of the court from which the execution issued; and it shall be the duty of said court to determine thereon at the first term thereof, unless the plaintiff or his attorney shall desire to controvert the facts contained in said affidavit, *in which case an issue shall be joined,* which issue shall be tried by a jury at the same term, unless good cause is shown for a continuance." (Emphasis supplied.) With the exception of three cases, which we shall mention hereinbelow, all the cases we have found which hold that a written traverse of an affidavit of illegality is necessary to join the issue raised by

the affidavit of illegality, otherwise the recitals of facts in the affidavit must be taken as true, are cases in which the execution was based upon a common law judgment and are annotated under *Code* § 39-1006. See *Thompson v. Fain,* 139 Ga. 310 (77 SE 166); *Connell v. Officers of Court,* 145 Ga. 231 (1) (88 SE 927); *McLeod v. Bird,* 14 Ga. App. 77 (80 SE 207); *Banks v. Giles,* 20 Ga. App. 97 (4) (92 SE 651); *Bolton v. Keys,* 38 Ga. App. 573 (2) (144 SE 406); *Rogers v. Petty,* 43 Ga. App. 771 (160 SE 128); *Beavers v. Cassells,* 56 Ga. App. 146, 147 (5), 152 (192 SE 249). The only three cases we have found, although there may be others, which have applied this requirement of a traverse, based upon the provisions of *Code* § 39-1006, in cases involving executions not arising from common law judgments are *Jeanes v. Mayor &c. of Milledgeville,* 45 Ga. App. 755 (165 SE 900), in which the levy was made on an execution issued by the City of Milledgeville to collect a paving assessment, *Tatham v. Lanier,* 65 Ga. App. 51 (3) (14 SE2d 765), involving foreclosure by affidavit of a conditional-sale contract, and *Universal C. I. T. Credit Corp. v. Pritchett,* 104 Ga. App. 422 (121 SE2d 793), also involving foreclosure of a conditional-sale contract (overruled by *Universal C. I. T. Credit Corp. v. Hall,* 106 Ga. App. 817, 818 (1), 128 SE2d 360). Insofar as these three cases, and any others to like effect that may exist, are based upon the requirement for a written traverse in a non-common law judgment situation, they will not be followed.

*Code* § 67-801 provides as follows: "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor or his special agent may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due." It will be noted that neither the above section nor § 67-803, providing for a jury trial on the issue made by the affidavit of illegality, makes any mention of the necessity for the joinder of issue by a traverse.

The distinction between these two types of executions is recognized in at least several cases. In *Crayton v. Fox,* 100 Ga. 781,

782 (28 SE 510), the Supreme Court held that the provision of the present *Code* § 67-803, making the giving of a bond, or in lieu thereof the affidavit prescribed, applies exclusively to levies under mortgage foreclosures, and is not applicable to common law executions. The case of *Bank of Forsyth v. Gammage,* 109 Ga. 220, 221 (34 SE 307), involving the foreclosure of a chattel mortgage, holds as follows: "This is not a case where a general judgment was obtained against a defendant, nor where there had been any adjudication by a court touching the question of usury. . . When a chattel mortgage is given, the statute prescribes a certain method by which the mortgagee may assert and enforce his lien. It is a summary proceeding instituted by an affidavit of the plaintiff, prescribed by statute, upon which a summary process issues to be levied upon the personalty described in the mortgage. The law also prescribes a remedy for the defendant in the event he wishes to avail himself of any defense to the proceeding. If he files his counter affidavit setting up a legal defense, the fi. fa. then simply becomes and remains mesne process until the issue *thus made* is finally determined." (Emphasis supplied.) This indicates that the issue is made as above described, i. e., by the mere filing of the counteraffidavit, or affidavit of illegalty, by the defendant in fi. fa. This distinction is also recognized in *Universal C. I. T. Credit Corp. v. Hall,* 106 Ga. App. 817, 818 (1), supra. The basis of the distinction is as follows: In a case involving a common law judgment, the court has considered the matters raised by the pleadings and rendered a judgment based thereon, therefore an affidavit of illegality attacking an execution on such a judgment raises an issue which can and will be summarily decided by the court on the basis of the facts already before it unless the plaintiff in fi. fa. desires to obtain a jury trial of the issues raised by the affidavit of illegality by filing his traverse thereto. In a case involving a foreclosure by affidavit of a mortgage on personal property, on the other hand, the levy is instituted by the summary proceeding described in *Bank of Forsyth v. Gammage,* supra, in which there has been no consideration of the issues by the court prior to the issuance of the execution. The levy in this situation is somewhat analagous to a petition in a

law suit, which, if it is not answered and it shows on its face grounds for the recovery sought, is all that is necessary to support a judgment. The affidavit of illegality in the present circumstances joins the issue, as does a plea, answer or demurrer to a petition, making a traverse thereto, as is required in the case of an execution on a common law judgment, unnecessary. Although it is proper to allow demurrers to be filed to affidavits of illegality, *Universal C. I. T. Credit Corp. v. Hall,* 106 Ga. App. 817, supra; *Armistead v. Weaver,* 140 Ga. 740 (1) (79 SE 783), it does not appear to be necessary in order to form an issue for a jury.

From the above it follows that the plaintiff in fi. fa. was not obliged to file a written traverse to the affidavits of illegality in order to obtain the jury trial on the issues, as provided by *Code* § 67-803. The court therefore erred in granting a judgment in favor of the defendants in fi. fa., thereby denying the plaintiff his right to a jury trial on the issues raised by the affidavits of illegality.

*Judgment reversed. Jordan and Russell, JJ., concur.*