CHILDS *et al. v.* PONDER *et al.*, trustees, and *vice versa.*

1. A new trial will not be ordered because the trial judge, in overruling a motion to dismiss a petition, before any evidence had been introduced, remarked, in the presence of the jury : " I will overrule the motion and let you go on ; but I don't see how the plaintiff can recover."

2. Though the board of trustees of a corporation keeps no book of minutes or other record of its official actions, a declaration, made at a meeting of the board by the president thereof (since deceased), that at a former meeting certain action had been taken by the board, is not admissible to prove that such action was taken ; nor is it admissible as an admission or, when it does not appear that any one acted on it, to show an estoppel as against the corporation.

3. A complaint that "the court erred in refusing the written request of the plaintiffs to charge the jury " on a given question of law is insufficient as an assignment of error, in that it fails to set out, literally or in substance, the contents of the request and renders it impossible for this court to determine whether such request contained a correct statement of the law.

4. In the absence of a proper request, there is no error in failing to charge as to the law applicable to determining the credibility of witnesses.

5. The evidence warranted the verdict.

Argued March 23,— Decided April 8, 1903.

Complaint. Before Judge Reagan. Monroe superior court. March 18, 1902.

*R. L. Berner,* for plaintiffs. *Persons & Persons,* for defendants.

SIMMONS, C. J. Suit was brought by Childs and Maynard against the trustees of the R. Banks Stephens Co-Educational Institute. On the trial the jury returned a verdict for the defendants. The plaintiffs made a motion for a new trial, and now except to the judgment overruling the same.

1. One of the grounds of the motion for new trial complains that the judge, in overruling a motion to dismiss the petition, before any evidence had been introduced, remarked, in the presence of the jury : "I will overrule the motion and let you go on, but I don't see how the plaintiff can recover." Counsel for the plaintiffs in error contended that this "was an expression of opinion by the judge that the evidence of the plaintiff would not entitle him to recover." As the remark was made before any evidence whatever had been introduced or offered, we can not accept this contention as sound. It would have been better if the judge had not made the remark, but it could not have affected the finding of the jury ; for the jury's sole province was to pass upon the evidence,

and the remark of the judge was made before any evidence had been introduced. Even if the remark had been one which might have hurt the plaintiffs, they made no motion for a mistrial, and invoked no ruling of the court at the time. Parties can not take their chances for a favorable verdict, and then, the result being unsatisfactory, ask that a new trial be granted because of irregularities, such as this, which they have passed over in silence during the progress of the trial.

2. Plaintiffs sought to show that the board of trustees had recognized their indebtedness. The evidence offered for this purpose was that of a witness who stated that, at a meeting of the board of trustees he called attention to this matter, and that the president of the board (since deceased) "informed the witness, then and there, that at a former meeting the board had passed a resolution recognizing the indebtedness of the institute" to the plaintiffs; and that this occurred in an open meeting of the board. It had previously been shown that the board kept no book of minutes, "and the official action of the board existed only in the recollection of the members of the board." The judge excluded the evidence offered, and did so, we think, correctly. Ordinarily the official acts of a corporation should be shown by the minutes or other records kept; but where no records are kept, oral evidence is admissible in their stead. Edgerly *v.* Emerson, 23 N. H. 555, 55 Am. Dec. 207. But to permit oral evidence in such a case does not mean to admit evidence which is purely hearsay. While the action of the board might be proved by evidence of one who was present at the time, it can not be proved by evidence of subsequent declarations of such a person. Nor was this evidence admissible as an admission binding upon the board. The statement made by the president was some time (how long does not appear) after the meeting at which plaintiffs claimed that this action was taken. The alleged indebtedness to the plaintiffs had arisen some time before. The president's statement was not made as a part of the res gestæ, but subsequently, and it is not binding upon the other trustees or upon the corporation. The president does not appear to have had authority to make such an admission on the part of the corporation, and, so far as appears, the statement did not at all affect the actions of the plaintiffs. It therefore did not create an estoppel against the board, and was not admissible on that idea. See Jex *v.* Board of Education, 1 Hun, 157.

2. Another ground of the motion complained that "the court erred in refusing the written request of the plaintiffs to charge the jury on the question of positive and negative testimony." That this is insufficient as an assignment of error is clear. The contents of the written request are not set out, and this court is, therefore, unable to determine whether the request correctly stated the law. The judgment certainly can not be reversed for a refusal to give the jury instructions which, so far as appears, may have been incorrect.

4. That the court "failed to give the jury any rule in reference to weighing the evidence or determining the credibility of the witnesses" is, in the absence of a proper request to charge, no ground for a new trial.

5. The jury found that the money advanced by the plaintiffs was a gift, and not a loan. The evidence warranted this finding, and there was no abuse of discretion in refusing to set aside the verdict.

*Judgment affirmed; cross-bill dismissed. By five Justices.*