DANIEL P. BYRNE, Respondent, v. HAFNER FEED COMPANY, Appellant.

**St. Louis Court of Appeals, November 2, 1909.**

1. **EVIDENCE: Hearsay.** Evidence as to what a witness testified to in another case, to which defendant was not a party, was incompetent to establish liability against defendant, because it was hearsay as to it.

2. ————: **Admission of Agent of Corporation Not Binding, When.** In an action against a corporation on the charge it had assumed a judgment debt of its general manager, testimony that, in a garnishment proceeding upon said judgment, to which said corporation was not a party, its general manager testified the corporation had assumed said debt was not admissible, inasmuch as his testimony on the trial of the garnishment issue was a self-serving declaration, and defendant corporation had no opportunity to cross-examine him, since it was not a party to the cause.

3. GARNISHMENT: Parties: Judgment Debtor Not Party to
Garnishment Proceeding. In a garnishment in aid of an execu-
tion issued upon a judgment, it may, in truth, be said the judg-
ment debtor is not a party to the proceeding.

Appeal from St. Louis City Circuit Court.—*Hon.
Robert M. Foster,* Judge.

REVERSED AND REMANDED.

*Dalton & Harris* for appellant.

The defendant cannot be bound by the admissions
charged to have been made by Joseph M. Hafner pre-
viously in litigation to which this defendant was not a
party, and wherein said Hafner was testifying as a
defendant in that case and not on behalf of or as rep-
resenting the defendant in this case.

*Wm. A. Kinnerk,* for respondent, filed argument.

GOODE, J.—This cause began before a justice of
the peace by the filing of a complaint wherein plaintiff
alleged defendant is a corporation, that Joseph Hafner
is indebted to plaintiff in the sum of $125, the amount
of a judgment for debt, interest and costs recovered by
plaintiff against said Hafner before a justice of the
peace; that subsequent to the recovery of said judg-
ment, defendant, the Hafner Feed Company, promised
to pay said debt of Joseph M. Hafner to this plaintiff;
wherefore plaintiff prayed judgment against defendant
for the sum of $125. The cause proceeded to the cir-
cuit court where plaintiff obtained judgment, and an
appeal was taken to this court.

Several reasons are assigned why the judgment of
the circuit court should be reversed, *i. e.,* failure of the
complaint to state defendant assumed the debt of Jo-
seph Hafner in writing; want of competent evidence to
prove defendant assumed the debt at all, or promised

to pay it, and that whatever evidence was received to prove the fact was too vague and uncertain to support a judgment. This plaintiff recovered a judgment, as alleged, against Jos. M. Hafner before a justice of the peace, and thereupon summoned the Oscar W. Blanke Ice & Coal Company as garnishee—we suppose, on an execution issued on the judgment. The only evidence introduced in the present action to prove the Hafner Feed Company promised, for a valuable consideration, after plaintiff obtained judgment against Hafner, to pay the amount of it to plaintiff, was the testimony of two witnesses who said, in substance, that on the trial of the garnishment issue between Blanke Ice & Coal Company as garnishee and plaintiff, Jos. M. Hafner and John O. Marshall testified defendant corporation had assumed the debts of said Hafner, and Hafner had turned over his assets to the corporation in part payment of the capital stock of defendant; that Hafner further testified in the garnishment issue "he was what might be called acting as general manager for defendant—that is, the company kept on just the same; that he was an officer and general manager, the thing running just as it always did." It is obvious that what Marshall swore to in the other case, to which this defendant was not a party, was incompetent to establish liability against defendant, because it was hearsay as to this defendant, who had no opportunity to cross-examine said Marshall. The same is true as regards the testimony of Jos. M. Hafner, unless an exception is to be allowed to the general rule excluding hearsay testimony in favor of what he testified on the garnishment trial, because he was acting as general manager of defendant corporation. The contention is his statement was binding on the corporation because he was the chief officer of it. This view cannot be accepted. His testimony on the trial of the garnishment issue was a self-serving declaration and defendant company had no opportunity to cross-examine him, since it was not

a party to the cause. A corporation acts through its agents and officers, and many admissions and declarations of those persons made in the course of their duties in the transaction of the business of the company, are binding on the latter, for the same reason that a principal is bound by the declarations of his agent while engaged in the transaction of the principal's business and in reference to said business, provided the transaction falls within the scope of the agent's real or apparent authority. [Northrup v. Ins. Co., 47 Mo. 435; Western U. Tel. Co. v. Baltimore, etc., Tel. Co., 26 Fed. R. 55; 3 Cook, Corporations (6 Ed.), sec. 726.] And we are aware there are instances in which the admissions and statements of officers of a corporation are held to be binding on the company, even though they relate to past transactions. [4 Thompson, Corporations, sec. 4915.] This case falls within no such exception. [Childs v. Ponder, 117 Ga. 553; Hoag v. Lamont, 60 N. Y. 96.] Defendant would be cut off from its right to search the conscience and knowledge of Joseph M. Hafner, and protect itself against his false or loose statements made to serve his own interests, if we were to admit his testimony on another trial, to which defendant was not a party, could establish liability against defendant. In Bangs Mill. Co. v. Burns, 152 Mo. 350, 380, the suit was to set aside a certain deed of trust in which a bank was beneficially interested, as having been made to defraud the grantor's creditors. Different suits by creditors had been instituted assailing the deed of trust, and in one of them Calvin F. Burnes, president of the beneficiary bank, had given testimony. It was sought to use that testimony in the case cited supra as a detrimental admission against the bank made by its president. On the offer of this testimony the Supreme Court said: "We fail to see from the transcript of the testimony offered how it could have in any wise been beneficial to appellants; but considering it as containing, according to appellants' contention,

a detrimental admission to the claim of the bank, as to
one of the notes secured by the deed of trust under
which the interpleader claims the property in suit for
the use of the bank and the Ayr Lawn Company, the
transcript of the testimony was still inadmissible as
evidence against the bank in this action. Neither the
bank nor Calvin F. Burnes was a party to the issues
on trial in that case and the statements then made by
him, if any, detrimental to the present contention of
the interpleader, for the bank, could not be said to have
been made by him as agent for the bank, but in answer
to the compulsory process of the court that required
his presence and commanded his answers. Neither the
voluntary statement of an agent or officer of a corpora-
tion acting outside of and beyond the duties of his
agency, or those exacted and not afterwards ratified
by the corporation, can be held and treated as declara-
tions or admissions binding upon the corporation in a
suit afterwards between the corporation and a stran-
ger." That ruling is in point, and it will be observed
that though the Supreme Court remarked neither Cal-
vin F. Burnes nor the bank were parties to the case in
which said Burnes had testified, the principle on which
the exclusion of the evidence was sustained shows the
fact that the bank was not a party, was the only ma-
terial fact; and the mere circumstances that Hafner was
a party to the suit in which the garnishment was is-
sued, does not serve to distinguish this case, in princi-
ple, from the one cited. In truth, it may be said Haf-
ner was no party to the garnishment proceeding which
grew out of the case plaintiff brought against him; and
hence the Supreme Court's decision was given on facts
identical with those before us. If it was desirable to
utilize the knowledge of Marshall and Hafner, they
should have been put on the stand in the present case.
One of them, at least, was present at the trial—Mr.
Marshall.

We have paid no attention to whether or not, even if the statements of Hafner and Marshall were competent, the proper procedure to hold defendant on its assumption of Hafner's debt, was adopted.

The judgment is reversed and the cause remanded. All concur.