20252. ALSTON *v.* MOBLEY, superintendent of banks.
20253. ETHERIDGE *v.* MOBLEY, superintendent of banks.

JENKINS, P. J. 1. The judgment striking on demurrer all the grounds of the affidavit of illegality except one, and the order overruling the demurrer to that ground, not being excepted to, constitute an adjudication that the ground not stricken set forth a good defense. *Hicks* v. *Revels,* 142 *Ga.* 524 (1 *a*) (83 S. E. 115); *Turner* v. *Willingham,* 148 *Ga.* 274 (2) (96 S. E. 565). Consequently, the only question to be determined in this case is the one of fact presented by that ground, that is, whether the execution was based upon an assessment against the defendant made not by the superintendent of banks of the State of Georgia, but by the general agent of the superintendent.

2. "Where an affidavit of illegality contains allegations of fact in the nature of affirmative defenses, upon issue joined, the burden of establishing them rests on the affiant" (*Thompson* v. *Fain,* 139 *Ga.* 310 (2), 312, 77 S. E. 166), and there is a general presumption of law in favor of public officers, in the absence of proof to the contrary, that they discharge their duties in compliance with law. *Truluck* v. *Peeples,* 1 *Ga.* 1. But whether in this case the burden of proof rested upon the affiant or upon the superintendent of banks (and there is no contention on the part of the affiant that the burden was not upon him to prove his case as set forth by the affidavit of illegality), the evidence is limited to the testimony of the superintendent himself, who swore in general terms that the assessments made by his assistant were his assessments, and that he "gave him the power in writing to act as general agent, and then . . instructed him what to do," further tes-

tifying, however, that the general agent, at his instruction, "took the data submitted by the auditors and from that determined the assessments and levied them himself." He further testified that if there was any doubt about the assessment of any bank, the agent would refer it to the superintendent, and that the superintendent would give direction in regard to it. The superintendent testified that he had no recollection with reference to the assessment made on the stockholders of the particular bank in question. Under the evidence thus submitted, it was a question of fact, for determination by the court sitting as judge and jury, whether the superintendent of banks made the assessment; and it can not be said as a matter of law that the court was necessarily compelled to find to the contrary. *Mobley* v. *Marlin*, 166 *Ga.* 820, 832 (144 S. E. 747); *Scofield* v. *Perkerson*, 46 *Ga.* 325, 350; 22 C. J. 79, § 22.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 26, 1930. REHEARING DENIED OCTOBER 4, 1930.

*H. A. Wilkinson,* for plaintiffs in error.
*Orville A. Park, James W. Harris,* contra.