20847.   WEBB, executor, *v.* HANSARD.

DECIDED APRIL 20, 1931.

*J. P. Brooke, H. B. Moss,* for plaintiff in error.
*Wheeler & Kenyon,* contra.

BELL, J.   The superintendent of banks, through the assistant superintendent, issued an execution against Mrs. Joel Webb to enforce her liability as stockholder of Farmers & Merchants Bank, of Cumming, Georgia, which was in process of liquidation under the banking act.   This execution was, under order of the court, transferred to J. L. Hansard, who caused the execution to be levied upon property of the deceased stockholder in the hands of her executor, she having died in the meantime.   To this levy the executor filed an affidavit raising, among others, the question of whether the assessment against the stockholders could be made by an assistant superintendent, as was done in the particular case. This question has several times been the subject of remark both in this court and in the Supreme Court, but not until now has it ever been squarely presented for decision.

In every reference to the question in prior decisions the comment has indicated doubt as to whether any officer except the superintendent himself could make the assessment, and this fact is persuasive toward the negative of the proposition.   It seems to be clear that such authority could not be delegated to a mere agent

of the superintendent; and when we examine the various provisions of the banking act and its amendments, we find no expression which distinguishes the powers of an assistant superintendent from those of agents whom the superintendent is authorized to appoint, except that the assistant is required to take the same oath and to give the same bond (except as to amounts) as the superintendent and may act as superintendent in case of a vacancy in that office.

The requirement as to oath is not conclusive, because the oath itself contains only general terms, as an obligation to support the State and Federal constitutions and "faithfully to execute the duties of his office," and because the same provision applies also to examiners, upon whom the act confers no authority to make assessments. The same may be said of the requirement as to bond.

There was no vacancy in the office of superintendent at the time the assistant superintendent made the assessment in this case, and thus section 3 of article 2 does not apply. The mere title of the official designated as "assistant superintendent" does not indicate authority coequal with that of the superintendent, but tends rather to imply a lesser authority. The legislature in providing for assessment against stockholders (article 7, section 20) makes no reference to an assistant or agent, but names the superintendent alone as the person to act; and we think it was their intention to place upon the superintendent, as the head of the banking department, the duty of performing this quasi-judicial function, without providing for a delegation of this authority.

The decision by Judge Sibley in the Giles case, 21 Fed. (2d) 536, quoted at length and with approval in *Mobley* v. *Marlin,* 166 *Ga.* 820 (144 S. E. 747), contains a helpful discussion of this question. See also, in this connection, *McCaskill* v. *Chattahoochee Fertilizer Co.,* 167 *Ga.* 802, 809 (146 S. E. 830); *Deariso* v. *Mobley,* 38 *Ga. App.* 313 (2) (143 S. E. 915); *Mobley* v. *Goodwyn,* 39 *Ga. App.* 64 (146 S. E. 28); *Dyar* v. *Mobley,* 170 *Ga.* 65 (1) (152 S. E. 74); *Alston* v. *Mobley,* 42 *Ga. App.* 98 (2) (155 S. E. 81).

In the instant case we conclude that under the facts appearing the trial judge erred in not sustaining the affidavit of illegality, upon the ground stated, and in thereafter refusing a new trial. It is unnecessary to pass upon the other questions raised.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*