23805. BENNETT, superintendent, etc., *v.* BARR.
23806. BENNETT, superintendent, etc., *v.* BROOKS.
23807. BENNETT, superintendent, etc., *v.* BURSON.

STEPHENS, J. 1. Although, in an affidavit of illegality interposed by the defendant to a levy of an execution, it may not appear that the property levied on belonged to him, yet where the property as described in the affidavit is the same as described in the levy, and the property levied on is described in the levy as being property of the defendant in execution, the affidavit of illegality is not defective because of a failure of the defendant to allege specifically therein that the property belonged to him. *Wactor* v. *Marshall*, 102 Ga. 746 (29 S. E. 703); *Oliver* v. *Rutland*, 48 Ga. App. 326 (172 S. E. 660).

2. The levy of an execution can be legally made only upon property of the defendant, or upon property which at the time of the levy is found in his possession and is therefore presumably his. Since all public officers, in the discharge of the duties resting upon them by law, are presumed to perform their duties legally and according to the requirements of law, a recital by the levying officer in the entry of the levy, made upon an execution, that the property described in the levy was "levied on according to law," is equivalent to an allegation that the property levied on belonged to the defendant in execution. Where the affidavit of illegality is otherwise regular and sets out a valid defense to the levy, it is error for the court to dismiss the affidavit of illegality upon the ground that it contains no allegation that the property levied on belonged to the defendant.

3. Where a person who was a general agent for the superintendent of banks, and among whose duties, as conferred by the superintendent of banks, was to supervise the liquidation of banks taken over by the superintendent of banks, to make distribution of the assets as provided by law, and to perform such other duties in connection therewith as the superintendent of banks could perform, stated that he was making an assessment upon the stockholders of a particular bank, and this statement was made to the liquidating agent of that bank at the time of the issuance of executions against the stockholders of the bank, based on assessments against them, and was made as a part of a conversation between the general agent and the liquidating agent, in which the former stated that he had made or was making the assessment and "would mail it" to the latter, it is inferable that this statement was made by the general agent in the transaction of his business as such general agent, for the superintendent of banks, and as a part of his negotiations as such with the liquidating agent, and as part of the res gestæ of the transaction. In a suit by the superintendent of banks against one of the stockholders to recover the amount of the assessment alleged to have been made against the defendant by the superintendent of banks, where the issue presented was whether the superintendent of banks, or some one by him legally authorized, made the assessment, and which arose upon an affidavit of illegality to an execution issued under the authority of the superintendent of banks against the defendant as a stockholder in the bank, a declaration of the general agent that he made the assessment, was admissible against the superintendent of banks as an admission tending to authorize the inference that the general agent made the assessment upon which the execution issued. Civil Code (1910), §§ 3606, 5779. The court did not err in admitting in evidence this declaration of the agent. *Childs* v. *Ponder*, 117 *Ga.* 553 (2) (43 S. E. 986), is distinguishable. The declaration of the alleged agent which in the case cited was held to be inadmissible was not made by an agent having authority to make the statement, and the statement was not made as part of the res gestæ.

4. Upon the trial of the issue thus presented, which was whether the superintendent of banks, or some one by him legally authorized, made the assessment, evidence that the assessment upon which the execution issued was made by the general agent of the superintendent of banks, who under the law (*Webb* v. *Hansard*, 43 *Ga. App.* 246, 158 S. E. 452), had no authority to make the assessment, is sufficient to authorize the inference that the assessment upon which the execution issued was not made by the superintendent of banks or by some one by him legally authorized so to do. This is true notwithstanding there appears in evidence oral testimony of a person that he was present and heard the superintendent of banks make an assessment against the stockholder, and that the superintendent of banks, after getting "the figures" and getting "the audit," said, "I assess the stockholders 100 per cent," meaning the stockholders of the bank, and that he told the general agent "to issue executions against them for that amount."

5. Applying the above rulings, the court did not err in admitting the evi-

dence objected to, and the verdict found for the defendant was authorized. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*C. N. Davie, J. F. Kemp, Leon Hood,* for plaintiff.
*Boykin & Boykin,* for defendant.