37915.   BOWEN *v*. THE STATE.

DECIDED OCTOBER 21, 1959.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Chas. C. Pittard, Solicitor,* contra.

GARDNER, Presiding Judge. 1. Special ground 1 assigns error because it is alleged that the court failed to instruct the jury that the burden of proof was on the State to prove to the jury

beyond a reasonable doubt that the defendant Bowen was guilty of the offense charged against him. The court charged the jury on this point as follows: "The defendant has entered a plea of not guilty and that forms the issue you are impaneled to try. The defendant enters upon the trial of this case with the presumption of innocence in his favor, and this presumption remains with him, until and unless the State shall overcome it and remove it by the introduction of testimony in your presence and hearing sufficient to convince your minds beyond a reasonable doubt of the guilt of the accused.

"A reasonable doubt is a doubt for which you can give a reason; it means just what it says; it is the doubt of a fair minded impartial juror, honestly seeking the truth; it is not an arbitrary or capricious doubt, but a doubt arising from a consideration of the evidence or a lack of evidence, or a conflict of evidence, and from the statement of the defendant.

"If, after considering all the facts and circumstances of the case, giving the defendant's statement just such weight and credit as you think it is entitled to receive, your minds are wavering, unsettled and unsatisfied, then that is the doubt of the law and you should acquit, but if that doubt does not exist in your minds as to the guilt of the defendant you should convict." There was no request for a further charge on this point. It is our opinion that the charge of the court was amply sufficient in this respect. This special ground shows no reversible error.

2. Special ground 2 assigns error because it is alleged that the court nowhere charged the jury as to the credibility of witnesses; or how to reconcile conflict in testimony; or as to the burden of proof on the part of the State. The charge of the court as a whole shows that the court sufficiently charged on the principle of law as to the burden of proof. There was no request to charge on credibility of witnesses. In the absence of a request it is not error to fail to so charge. See *Baker* v. *State,* 14 *Ga. App.* 578, 582 (81 S. E. 805) wherein *Childs* v. *Ponder,* 117 *Ga.* 553 (43 S. E. 986) was cited. It follows that it was not erroneous for the judge to fail to charge on the credibility of witnesses without a written request. The failure to charge on reconciliation of testimony, without a request, has been held contrary to the

contentions of counsel for the defendant. See *Baker* v. *State,* supra, and *Green* v. *State,* 118 *Ga.* 755 (45 S. E. 598). This special ground is not meritorious in any respect.

3. Special ground 3 assigns error because it is contended that the court erred in charging the jury as follows: "The defendant enters upon the trial of this case with the presumption of innocence in his favor, and this presumption remains with him, until and unless the State shall overcome it by the introduction of testimony in your presence and hearing sufficient evidence to convince your minds beyond a reasonable doubt of the guilt of the accused." We see nothing wrong with the portion of the charge immediately herein above quoted, in view of the whole charge. See *Wages* v. *State,* 56 *Ga. App.* 365 (2) (192 S. E. 652). The assignments of error set out in this special ground are not meritorious.

4. Special ground 4 assigns error because the court charged as follows: "I charge you that it is the law of the State of Georgia that no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions, and having regard to the actual and potential hazards then existing; in every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal compliance and the duty of all persons to use due care." Special ground 5 assigns error because it is contended that the court erred in charging the jury as follows: "If from all the circumstances of the case, you believe beyond a reasonable doubt that this defendant did, in this county, at any time on the day named in the accusation, or at any time within two years before it was filed into court, commit the offense of failing to keep his vehicle under control as alleged in the accusation, then it would be your duty to convict him." These two excerpts are charges predicated upon the Motor Vehicle Law of 1953, Ga. Laws of 1953. The instant case is predicated upon Code § 68-1626 (a) of the Motor Vehicle Law. It is our opinion that the court did not err in charging the two excerpts immediately herein above quoted, in view of the whole charge. The issues involved were substantially covered. It appears that the

trial judge charged fairly, adequately, and properly regarding all the issues raised by the evidence and the law applicable to the case. These two special grounds show no reversible error.

5. The evidence supports the verdict that the defendant was guilty of violating Code § 68-1626 (a). No reversible error is shown as to the court's ruling on the general grounds.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially. The material portion of this accusation charges the defendant with operating a motor vehicle upon a named public street and highway "at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and did fail to so control the speed of said vehicle so as to avoid colliding with another vehicle on said highway." The act of 1910 (Ga. L. 1910, p. 92) made an offense the operation of a motor vehicle "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway or so as to endanger the life or limb of any person or the safety of any property." This statute was held too uncertain and indefinite in its terms to be capable of enforcement. *Empire Life Ins. Co.* v. *Allen*, 141 *Ga.* 413 (81 S. E. 120); *Hayes* v. *State*, 11 *Ga. App.* 371 (75 S. E. 523); *Strickland* v. *Whatley*, 142 *Ga.* 802 (83 S. E. 856), but not too vague to provide a rule of conduct in civil cases. In *Teague* v. *Keith*, 214 *Ga.* 853 (108 S. E. 2d 489) the Supreme Court, pointing out that the sections are similar, held Code § 68-1626 (a) which is in the language of this accusation sufficient to furnish a rule of conduct in civil cases, and, by quoting the *Strickland* case, implied on parity of reasoning that it would be insufficient in a criminal case. With this conclusion I agree, the two provisions being substantially identical. Accordingly, the accusation here fails to set forth a criminal offense. There was no demurrer, however, and, after verdict, the defendant's remedy is not by motion for a new trial (which would leave the case to be tried over under an accusation charging no offense) but by motion in arrest of judgment. *Eaves* v. *State*, 113 *Ga.* 749 (7) (39 S. E. 318); *Kelly* v. *Strouse & Bros.*, 116 *Ga.* 872, 897 (43 S. E. 280). Special ground 7 of the

amended motion for new trial complains that the court charged that the language above set out "is the law of this State." There being no attack in the trial court on the constitutionality of the statute, the question cannot be raised in this court for the first time, and, as to civil cases, it is certainly the law of the State, and the charge was not error for the reason assigned. I therefore concur specially in the judgment of affirmance because the trial court did not err in denying the defendant a new trial.