71909. DEPARTMENT OF TRANSPORTATION v. POOLE et al.
(347 SE2d 625)

BENHAM, Judge.

Appellee O'Dell G. Poole owned a mobile home park and several acres of undeveloped land adjacent to it. In 1968, 1970, and 1972, appellee applied for a rezoning for the adjacent land so that she could expand her trailer park; on each occasion the Clayton County Board of Commissioners (Board) denied the application. In 1981, appellant Department of Transportation (DOT) condemned a portion of appellee's undeveloped land for a right-of-way for Highway I-675. At the condemnation trial, appellee sought to present evidence to show that the DOT influenced the Board's decisions to deny her zoning requests in order to preserve the DOT's ability to obtain the right-of-way at a lower cost. Appellee also sought to prove that because the requests were denied at the DOT's behest, she was prevented from earning

$105,000 in profit from the planned trailer park expansion. The trial court allowed the evidence to be presented to the jury, characterizing the lost profits as "other damages," and the jury returned a verdict in appellee's favor on the issue. In most of its 15 enumerations of error, appellant contests the trial court's decisions to admit the evidence and to allow the jury to consider whether appellee was entitled to the "other damages." We find that the "other damages" issue was not properly before the jury.

1. Appellant's first ten enumerations address essentially the same issue — whether or not the DOT"s alleged influence of the Board's zoning decisions against appellee was a wrong that could be redressed in the condemnation proceeding. After analyzing this case, we conclude that appellee was seeking redress against the wrong entity in the wrong forum at the wrong time. Assuming that the DOT did influence the zoning decisions, the final, official decisions to deny appellee's zoning requests were made by the Clayton County Board of Commissioners; it was that Board, not the DOT, that was to be held accountable for those zoning decisions. "[Z]oning is subject to the constitutional prohibition against taking private property without just compensation. [Cits.]" *Barrett v. Hamby*, 235 Ga. 262, 265 (219 SE2d 399) (1975). "[A] zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable. [Cits.]" *Id.* If appellee felt that the zoning decision was improper or unjustified, she should have challenged the constitutionality of the zoning ordinance as it was applied to her property by filing suit against Clayton County within 30 days of the adverse decision. *Village Centers v. DeKalb County*, 248 Ga. 177 (281 SE2d 522) (1981); *Tuggle v. Manning*, 224 Ga. 29 (159 SE2d 703) (1968). Appellee would then have had the opportunity to prove by presenting clear and convincing evidence that the zoning classification was significantly detrimental to her and was insubstantially related to the public health, safety, morality and welfare. Once she did so, the burden would have shifted to the county to prove that the zoning was justified. *Brown v. Dougherty County*, 250 Ga. 658 (300 SE2d 509) (1983); *Flournoy v. City of Brunswick*, 248 Ga. 573 (285 SE2d 16) (1981). If the county could carry its burden of proof, appellee would not be entitled to any relief. If the county could not carry its burden, appellee would have been entitled to the zoning change sought and could have proceeded accordingly. Since appellee did not pursue this course of action, she was precluded from recovering from the DOT more than a decade later what she might have earned had she sought the proper relief in a timely manner from the party that actually denied her the opportunity to use her property as she desired. Therefore, the trial court erred in denying appellant's motion in limine, in

allowing appellee to present evidence concerning the DOT's alleged interference in the county's decision, and in allowing the jury to award the "other damages" that were allegedly a result of that zoning decision. Our holding does not conflict with *R. E. Adams Properties v. City of Gainesville*, 125 Ga. App. 800 (189 SE2d 114) (1972), inasmuch as that case addresses whether or not additional claims for damages stemming from a condemnation case can be brought after the condemnation action has been terminated.

2. Appellant's 11th enumeration complains of the trial court's admission of one of appellee's documents despite its allegedly being uncertified and incorrect. Our review of the record shows that any objection was waived when appellant's counsel stated, "Well, I don't have any additional specific objection to that, Your Honor." *Arnold v. DeKalb &c. Hosp. Auth.*, 148 Ga. App. 361 (2) (251 SE2d 382) (1978).

3. DOT next contests the trial court's failure to fully instruct the jury on the issue of uniqueness of property. We find no reversible error occurred, since appellant did not request the charge it desired and did not specifically object to the trial court's failure to so charge. OCGA § 5-5-24 (a) and (b); *Herring v. McLemore*, 248 Ga. 808 (3) (286 SE2d 425) (1982).

4. In appellant's last enumeration of error, it asks for a new trial if the "other damages" issue is resolved in its favor, claiming that the introduction of that evidence tainted the jury's verdict on the other issues. We disagree, in view of the fact that the verdict awarded separate amounts for the consequential damages, fair market value, and other damages. There is no need to re-try the remaining two issues; we need only remand the case to the trial court with direction that it strike the portion of the judgment awarding other damages.

5. The remaining enumerations of error have been expressly abandoned by appellant or deemed abandoned in accordance with Court of Appeals Rule. 15 (c) (2). *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630) (1977).

*Judgment affirmed in part and reversed in part and case remanded with direction. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 23, 1986 —
REHEARING DENIED JULY 7, 1986 —

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Charles J. Driebe*, for appellant.

*G. Robert Oliver*, for appellees.