74678. UNITED WASTE, LTD. v. FULTON COUNTY.
74679. FOSTER et al. v. FULTON COUNTY.
74680. FULTON COUNTY v. FOSTER et al.
(362 SE2d 476)

SOGNIER, Judge.
Mary and John Foster, the executors of the Estate of John Stone, contracted to sell United Waste, Ltd. certain property, of which approximately 155 acres subsequently was condemned by Fulton County for extension of a county sanitary landfill. United Waste and the Fosters appeal from the jury award of $700,000 in Case Nos. 74678 and 74679, respectively. Fulton County cross-appeals in Case No. 74680; however, it has made consideration of its enumeration of errors contingent upon this court's reversal of the trial court's judgment on the jury award.

1. The Fosters and United Waste (hereinafter "appellants") contend the trial court erred by excluding from evidence their exhibit D-5, a document prepared by the Fulton County Department of Planning and Community Development with the advice and assistance of two task forces composed of various private citizens and industry representatives. The document was entitled "Summary Report: 1984 Solid Waste Disposal Study" (hereinafter "report") and purported to present recommendations for meeting Fulton County's solid waste disposal needs for the next two decades. The report contained, inter alia, background material on waste disposal in Fulton County and ap-

pendices setting forth the membership of the task forces and minutes of the task force meetings. Primarily, however, the report contained ratings regarding various preliminary landfill sites with recommendations as to these sites' soil suitability, drainage, accessibility, land use compatibility and estimated cost, which included acreage value. The report states that the purpose of rating the preliminary sites was "to focus in on the more salient characteristics for discussion by the Task Forces, and to establish a base of information for more detailed study."

Jude Willcher, the Fulton County staff planner responsible for compiling the report, testified on cross-examination that she prepared the ratings in the report with the assistance of the Fulton County Land Office, other Fulton County employees and the task forces in fulfillment of the assignment she had been given to compile a study describing the need for sanitary landfills. Willcher also testified she assembled the group of citizens representing different community interests that was intended to help in the search for a landfill site and that she was the staff planner assigned to assist and help the task forces perform their job. It is uncontroverted that Willcher was not an expert land appraiser and that the ratings she compiled were not matters the truth of which were within her personal knowledge.

"A written statement made by a public official or under his supervision is admissible as evidence tending to prove the truth of the matter stated if he is required to make the statement by statute or by the nature of his duty. This exception to the rule excluding hearsay is recognized because of the inconvenience to the public of having the official leave his office to testify in court in person, and because of the circumstantial probability of trustworthiness arising from his official duty." Green, Ga. Law of Evidence (2nd ed.), § 317. (Footnotes omitted.) However, "[n]ot all documents which have been prepared by a public official and filed in a public office, and which therefore are in a sense public documents, are evidence of the truth of the matters that they contain. It is generally held that the facts stated in the documents must have been within the personal knowledge and observation of the recording official or his subordinates, and that reports based upon general investigations and upon information gleaned secondhand from random sources must be excluded. Moreover, it has been held that records which concern causes and effects, involving the exercise of judgment and discretion, expressions of opinions, or the drawing of conclusions, are not admissible as public records. In other words, since official documents are a substitute for the personal appearance of the official in court, it is generally held that such documents, to be admissible, must concern matters to which the official could testify if he were called to the witness stand." 30 AmJur2d, Evidence, § 991. (Footnotes omitted.)

The report appellants sought to have admitted was a compilation of opinions by various private parties and unnamed public employees. The report stated only that its purpose was to present recommendations regarding the sanitary landfill question; it does not purport to be, nor was any evidence admitted to indicate that the report was, an expression or declaration of Fulton County policy or that the report's contents had been adopted, endorsed or otherwise approved by the county. Thus, the fact that Fulton County issued the report did not make the document admissible as a public record.

Appellants also argue the report was admissible as an admission against interest. Such admissions generally consist of voluntary out-of-court statements made by a party of the existence or truth of certain facts which are inconsistent with his contentions and which constitute prima facie evidence of the existence of those facts. *Mulherin v. Globe Oil Co.*, 173 Ga. App. 790, 791 (2) (328 SE2d 406) (1985); *Clark v. Toms*, 181 Ga. App. 557 (353 SE2d 54) (1987). Appellants have not cited this court to a case in which an advisory study prepared by private citizens together with public employees was deemed admissible as being a statement against the interest of the public entity authorizing the study. The courts have disapproved the admission of reports and investigations when those documents were submitted by the public entities that authorized them in view of the hearsay nature of the evidence and the lack of opportunity to cross-examine the authors of the documents. See, e.g., *Persons v. Mashburn*, 211 Ga. 477, 481 (2) (86 SE2d 319) (1955); *Mayor &c. of Montezuma v. Minor*, 73 Ga. 484, 488-489 (2) (1884). Furthermore, as noted in *Brantley v. Huff*, 62 Ga. 532 (1879), in which a map by the county surveyor was introduced to show the boundaries to a disputed road, "if the board directed a survey to be made by the county surveyor to ascertain the route of an old road, that would not commit the board to the results of the survey, nor would any presumption arise that those results were correct." Id. at 535 (2).

This is not to say that a declaration of an agent for a public officer is never admissible. See *Bennett v. Barr*, 49 Ga. App. 831, 832 (3) (176 SE 681) (1934). Rather, we must look to the concepts behind the admissibility of statements against interest. " 'The admissions would not be made except on evidence which satisfies the party who is making them against his own interest that they are *true*, and that is evidence to the jury that they are true. Admissions do not come in on the ground that the party making them is speaking from his personal knowledge, but upon the ground that a party will not make admissions against himself unless they are *true*. The fact that he makes them against his interest can be reasonably explained only on the supposition that he is constrained to do so by the force of the evidence. The source from which a knowledge of the facts is derived is a

circumstance for the jury to consider, in estimating the value of the evidence, but that is all.' [Cits.]" *Brooks v. Sessoms*, 47 Ga. App. 554, 555 (1) (171 SE 222) (1932).

Fulton County authorized a study in which would be compiled the opinions, suggestions, estimates and recommendations of a deliberately diversified group of private citizens which Fulton County would thereafter peruse and consider, reject, modify or adopt. The report thus did not constitute a statement of true facts Fulton County was "constrained" to make as a result of the "force of the evidence," id., but rather constituted "mere deliberative recognition," *Brantley*, supra at 535 (3), of problems facing the citizens of Fulton County. As such, it did not constitute an admission against interest by Fulton County, and the trial court did not err by refusing to admit the report on that basis.

Finally, appellants assert the report's exclusion was prejudicial to them because it was tendered to offset allegations by Fulton County that United Waste had "inside information" regarding the property by means of the participation of Browning-Ferris Industries (BFI) on the task force. The transcript, however, reveals no testimony during Fulton County's case-in-chief referencing the alleged collusive activity and the first reference to BFI was in testimony by United Waste's vice president asserting United Waste had no communication with BFI and no knowledge of the report or the task force prior to entering into the sales contract for the property with the Fosters. Fulton County presented no evidence to rebut this testimony. We therefore find no merit in this argument.

2. Appellants contend the trial court erred by excluding testimony by their expert witness, H. M. Bradford, regarding his reliance on the report in forming his opinion as to the value of the subject property. The transcript, however, reveals that the trial court correctly instructed the jury subsequent to appellants' attempts to introduce the report as direct evidence during Bradford's testimony that the report could only be considered indirectly, not directly. No objection was made to the trial court's resolution of this matter and as this instruction reflected the proper status of the law, see *White v. Ga. Power Co.*, 237 Ga. 341, 347 (227 SE2d 385) (1976), overruled on other grounds, *DeKalb County v. Trustees &c. Elks*, 242 Ga. 707 (251 SE2d 243) (1978); *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414, 415 (2) (343 SE2d 497) (1986), we find no reversible error here.

3. Although appellants asserted in their brief that they would supplement the record in regard to the subject matter of their third enumeration of error, an alleged motion in limine "inadvertently omitted from the record on appeal," no such supplement has been made and inquiries to the office of the clerk of the trial court indicate no such motion is part of the record. Accordingly, this enumeration

presents nothing to review.

4. Appellants contend the trial court erred by refusing to instruct the jury as to their request to charge, number 15, by means of which appellants sought to inject into the condemnation proceeding the reasons behind Fulton County's denial of appellants' application for a special use permit. Appellants asserted that Fulton County denied their application because it realized that the value of the property would increase, making its acquisition by condemnation more costly, if the application were granted. Appellants admitted at trial that they did not appeal from the denial of their application.

"In condemnation proceedings brought under [OCGA Title 22] the only issue before the assessors or a jury on appeal is the amount of compensation to be paid for the property taken. . . ." *B & W Hen Farm v. Ga. Power Co.*, 222 Ga. 830, 831 (1) (152 SE2d 841) (1966). Although the presence or absence of a special use permit may reflect upon the value of a piece of property and thereby affect the amount of compensation to be paid for it, a condemnation proceeding is not the proper forum to litigate the denial of an application for such a permit. See *Dept. of Transp. v. Poole*, 179 Ga. App. 638, 639 (1) (347 SE2d 625) (1986). The trial court did not err by refusing to instruct the jury as to appellants' requested charge. See generally *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821, 822 (3) (a) (354 SE2d 6) (1987). *Gruber v. Fulton County*, 111 Ga. App. 71, 80 (3) (140 SE2d 552) (1965) does not support appellants' request to charge since the court there found no evidence to support such a charge, "even if [the charge were] proper as an abstract principle of law." Id.

5. Appellants having presented no grounds to reverse the trial court's judgment on the jury verdict in Case Nos. 74678 and 74679, we need not consider the cross-appeal by Fulton County and, accordingly, its appeal is dismissed.

*Judgment affirmed in Case Nos. 74678 and 74679. Appeal dismissed in Case No. 74680. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 2, 1987.

*Alfred A. Lindseth, Richard L. Robbins*, for United Waste.
*Beryl H. Weiner*, for Fulton County.
*H. P. Arnall*, for Fosters.