A89A1139, A89A1168. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al. v. MARTIN et al.; and vice versa.
(388 SE2d 346)

CARLEY, Chief Judge.

Pursuant to OCGA § 22-2-100 et seq., condemnation proceedings were instituted against a portion of a tract of property owned by Donald Martin and leased to Electrical Distributors, Inc. (EDI). An appeal was taken from the special master's award of compensation. As to Martin, the jury found that the property was not unique and an award of $297,500 as the fair market value of the condemned property was made. As to EDI, the jury found that the property was unique and an award of $200,000 as the business loss occasioned by the condemnation was made. In Case No. A89A1139, Metropolitan Atlanta Rapid Transit Authority and DeKalb County (Condemnors) appeal from the judgment entered on the jury's verdict. In Case No. A89A1168, Martin and EDI cross-appeal from that judgment.

*Case No. A89A1139*

1. At the close of the evidence, the Condemnors moved for a directed verdict on the issue of EDI's entitlement to a recovery for a business loss as a separate element of compensation. The trial court denied this motion. After judgment was entered on the jury's verdict, the Condemnors filed a motion for judgment n.o.v. This motion was also denied. The Condemnors enumerate as error the denial of these

motions for directed verdict and for judgment n.o.v.

"[W]hen the business belongs to a separate lessee, the lessee may recover for business losses as an element of compensation separate from the value of the land . . ., provided only that the loss is not remote or speculative. [Cit.]" *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980). " '[I]f the business has suffered damage because of the taking of the real property upon which it is carried on, *the correct measure of damages would be the difference in market value prior to and after the taking.* While various elements, such as loss of profits, loss of customers or possibly what might be termed a decrease in the earning capacity of the business may all be considered in determining the decrease in value of the business, they represent no separate element of damage.' [Cit.]" (Emphasis supplied.) *Old South Bottle Shop v. Dept. of Transp.*, 175 Ga. App. 295 (1) (333 SE2d 127) (1985). The Condemnors urge that no probative evidence as to either the existence or the amount of any decrease in EDI's value as a business was adduced and that the issue of EDI's recovery of a business loss was, therefore, erroneously submitted to the jury.

The Condemnors' own expert testified that, in his opinion, there was no difference whatsoever in the pre-condemnation and post-condemnation value of EDI as a business. This shifted the burden to EDI to come forward with evidence to show that a compensable decrease in its value as a business had occurred. See generally *Department of Transp. v. Bird*, 158 Ga. App. 369, 371 (280 SE2d 394) (1981). Martin, as the majority shareholder and president, testified on behalf of EDI. After giving his reasons, Martin testified that, in his opinion, EDI had "lost seven to eight million dollars" as the result of the condemnation. However, Martin never gave any opinion as to whether or how this loss would translate into a specific *decrease in the value of EDI as a business.* A loss of profits, a loss of customers, or a decrease in a business earning capacity may be considered as *factors* which enter into the ultimate determination of the compensable decrease in the value of a business. However, those factors do not themselves represent separate elements of damage. *Old South Bottle Shop v. Dept. of Transp.*, supra. Thus, EDI may have produced evidence that, as the result of the condemnation, it had lost some "seven to eight million dollars" in the form of lost profits, loss of customers or a decrease in its earning capacity. However, it produced no evidence as to whether that loss had resulted in a decrease in its value as a business and, if so, the specific amount of compensation that would be recoverable therefor. See generally *State Hwy. Dept. v. Andrus*, 212 Ga. 737 (95 SE2d 781) (1956). Compare *Department of Transp. v. Driggers*, 150 Ga. App. 270 (257 SE2d 294) (1979). Martin never testified that, as the result of the factors enumerated by him, it was his opinion that a

purchaser would have been willing to pay only a specific lesser amount for EDI as an on-going business than he would have been willing to pay before the condemnation.

In the absence of some evidence to guide the jurors in determining the existence and amount of a decrease in the value of EDI as a business, the issue of EDI's recovery of a business loss as a separate element of compensation should not have been submitted to them. " 'To allow jurors to make up their verdict on their individual knowledge of disputed facts material to the case, not testified to by them in court, or upon their private opinions, would be most dangerous and unjust. It would deprive the losing party of the right of cross-examination, and the benefit of all the tests of credibility which the law affords. Besides, the evidence of such knowledge, or of the grounds of such opinions, could not be preserved . . . or questioned on appeal. It would make each juror the absolute judge of the accuracy and value of his own knowledge or opinions, and compel the appellate court to affirm judgments on the facts, when all of the evidence is before it and there is none whatever to support the judgment. The court would be obliged to presume that the jury or some juror had, or at least thought he had, some personal knowledge of facts outside the testimony, or contrary to it, which would sustain the judgment.' " *State Hwy. Dept. v. Andrus*, supra at 739. The jurors in this case were erroneously allowed to reach a verdict as to the existence and the amount of a business loss sustained by EDI based solely upon their own knowledge and opinions as to the decrease in the value of a business that had sustained a loss of some "seven to eight million dollars." See generally *State Hwy. Dept. v. Andrus*, supra. The Condemnors' motion for directed verdict and judgment n.o.v. should have been granted and the trial court erred in denying those motions.

### Case No. A89A1168

2. Approximately one year prior to the condemnation, a permit to build on the property had been denied. In the instant condemnation proceedings, Martin and EDI were allowed to pursue the topic of the denial of this permit insofar as it was relevant. See *Lee v. Dept. of Transp.*, 191 Ga. App. 1 (380 SE2d 726) (1989). Contrary to their assertions on appeal, they were simply denied the opportunity to pursue the topic insofar as it was irrelevant. See generally *Department of Transp. v. Poole*, 179 Ga. App. 638, 639 (1) (347 SE2d 625) (1986). See also *Department of Transp. v. Petkas*, 189 Ga. App. 633, 640 (7) (377 SE2d 166) (1988); *United Waste v. Fulton County*, 184 Ga. App. 694, 698 (4) (362 SE2d 476) (1987).

3. The trial court did not err in charging the jury that the measure of damages for business loss is the difference in the fair market

value of the business before and after the taking. See *Old South Bottle Shop v. Dept. of Transp.*, supra.

4. Under the testimony of Martin's own expert, there was no issue of consequential damages to the remainder of the property. Accordingly, the trial court did not err in failing to charge on that issue.

*Judgment in Case No. A89A1139 reversed. Judgment in Case No. A89A1168 affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 17, 1989 — 

*Kutak, Rock & Campbell, Charles N. Pursley, Jr., Albert Sidney Johnson*, for appellants.

*Bovis, Kyle & Burch, John M. Bovis, B. Dean Grindle, Jr., Michael S. Young*, for appellees.

*Reynolds & McArthur, Charles M. Cork III*, amicus curiae.