A96A0453. McGAHA v. THE STATE.
(471 SE2d 533)

BEASLEY, Chief Judge.

McGaha was convicted on charges of pandering (OCGA § 16-6-12), public indecency (OCGA § 16-6-8 (b)), burglary (OCGA § 16-7-1 (a)), and theft by taking (OCGA § 16-8-2). In his sole enumeration, he contends the court erred in sustaining the State's objection to admission of his Exhibit 1, a certified copy of his plea and sentence in a previous, unconnected case.

The indictment in the instant case alleged that the pandering and public indecency were on May 11, 1994, and that the burglary and theft by taking were on May 19, 1994. Evidence showed the bur-

glary and theft were committed on May 19. The exhibit contained a section titled "Special Conditions of Probation" which document carried the handwritten notation: "Credit for time served since May 17, 1994."

As to relevancy, counsel stated, "I want the jury to consider the time served," but he also stated "I'm not offering it to show that he was in jail or out of jail." He declined the court's offer to allow the document with the "time served" notation redacted. The court noted that keeping track of dates of incarceration is not a court function and not in the knowledge of either the judge signing the plea or the clerk recording it, so the accuracy was not assured. McGaha did not pursue the court's suggestion that he secure a proper document from the sheriff's office showing dates of incarceration.

He contends the document was admissible as a public record under OCGA § 24-7-20, which pertains to the authentication of records: "The certificate or attestation of any public officer . . . shall give sufficient validity or authenticity to any copy or transcript of any record . . . in his respective office, or pertaining thereto, to admit the same in evidence." However, it does not provide that such a record will automatically be admissible, only that authenticity is established.

Statutes merely pertaining to evidentiary authentication of documents do not remove hearsay considerations. Comparable to OCGA § 24-7-20 is OCGA § 24-7-8, which addresses the authentication of medical records; it "does not eliminate the rule against hearsay or create a new one." *Giles v. Taylor*, 166 Ga. App. 563 (1) (305 SE2d 154) (1983). Accord *Moody v. State*, 244 Ga. 247, 249 (4) (260 SE2d 11) (1979); *Dennis v. Adcock*, 138 Ga. App. 425, 427-428 (1) (226 SE2d 292) (1976). As OCGA § 24-7-20 does not address hearsay concerns, it does not require the admission of hearsay merely because the hearsay has been recorded in the court record. See *Weksler v. Weksler*, 173 Ga. App. 250, 251 (325 SE2d 874) (1985). Regardless of authentication, "the facts stated in [public] documents must have been within the personal knowledge and observation of the recording official or his subordinates." *United Waste, Ltd. v. Fulton County*, 184 Ga. App. 694, 695 (1) (362 SE2d 476) (1987). While the subscribing judge or clerk would have personal knowledge of the sentence itself, McGaha does not even suggest that they had personal knowledge of his dates of incarceration.

Had the document been admitted, it would have allowed the inference that McGaha was incarcerated on May 19. But it was not a reliable source of the truth of that assertion, and instead constituted inadmissible hearsay in this regard. OCGA § 24-3-1; see *Williams v. Memorial Med. &c.*, 218 Ga. App. 107, 109 (3) (460 SE2d 558) (1995). The court did not err in rejecting it.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 15, 1996.

*Harry M. Moseley*, for appellant.
*Garry T. Moss, District Attorney, Kimberly K. Frye, Assistant District Attorney*, for appellee.