## A98A0159. MANNING v. THE STATE.
### (499 SE2d 650)

Judge Harold R. Banke.

Claudia Denise Manning was convicted of simple battery and aggravated assault involving the same victim, her boyfriend.

The evidence, when viewed in a light most favorable to the verdict, showed that Manning entered the victim's home without permission, then struck the victim in the face with a wooden object when he asked her to leave. About six weeks later, Manning drove up beside the same victim, left her vehicle and stabbed him in the shoulder. Manning then backed her vehicle into him and sped away. Manning claimed self-defense as to both incidents.

Certified copies of the victim's medical records from the stabbing incident were admitted at trial. In addition, the court admitted a Clayton County-Flint River Center Family Information Perspective ("questionnaire") that the victim discovered mixed in with his papers in a box in Manning's apartment. On this questionnaire, Manning listed the patient/client as her young daughter. In response to one inquiry, Manning wrote, "Daughter witnessed my violent crime. . . ." Manning made several other highly inculpatory admissions as to her rage, anger, problems with temper control, as well as specific past incidents of her abuse of boyfriends, including the victim here. The court excluded one statement involving past incidents of violence with previous boyfriends and ordered it redacted. *Held*:

1. The trial court did not abuse its discretion in admitting the questionnaire into evidence. Before a person can invoke the confidentiality privilege under OCGA § 24-9-21 (5), she must show that the requisite psychologist-patient or psychiatrist-patient relationship existed to the extent that treatment was given or contemplated. *Strickland v. State*, 260 Ga. 28, 30 (5) (b) (389 SE2d 230) (1990). In this case, Manning failed to show that a professional relationship had been actually contemplated or formed or psychological treatment rendered to her or her daughter. Compare *Mrozinski v. Pogue*, 205 Ga. App. 731, 733 (1) (423 SE2d 405) (1992). Manning offered no appointment records, office receipts, or any evidence to even suggest that a confidential professional relationship existed. The questionnaire was not obtained from a medical provider or from the unauthorized disclosure of clinical records but from a box in her apartment. Moreover, Manning offered no evidence that the information she provided in the questionnaire was ever imparted to a medical profes-

sional. So it cannot be said that the document constituted a privileged communication within the meaning of OCGA § 24-9-21 (5) or (6). See *Plunkett v. Ginsburg*, 217 Ga. App. 20, 21 (456 SE2d 595) (1995).

Notwithstanding Manning's assertion, the State did not impermissibly inject her character into the case. During cross-examination of the victim, defense counsel elicited the statement previously deemed inadmissible. The court denied Manning's motion for a mistrial, and Manning declined any curative instruction. Because defense counsel elicited the redacted information, Manning cannot now complain about that testimony. *Heard v. State*, 204 Ga. App. 757, 759 (4) (420 SE2d 639) (1992). See *Littlefield v. State*, 197 Ga. App. 343, 344 (2) (398 SE2d 375) (1990).

2. Manning contends that the trial court erred in admitting the victim's medical records. The State offered the records to prove that the victim had required medical treatment for the injuries Manning inflicted. Over a hearsay objection, the court admitted a certified copy of the victim's hospital records and gave the jury a limiting instruction. However, statutes, like OCGA § 24-7-8, which pertain to the authentication of documents do not remove hearsay considerations. *McGaha v. State*, 221 Ga. App. 440, 441 (471 SE2d 533) (1996). Pretermitting whether it was correct to admit the records, Manning failed to show the requisite harm for reversal in light of the overwhelming evidence of her guilt. See *Southern R. Co. v. Hand*, 216 Ga. App. 370, 374 (5) (454 SE2d 217) (1995).

3. We reject Manning's contention that she was entitled to a directed verdict because the State failed to rebut her affirmative defense. After evidence of self-defense is presented, the State bears the burden of disproving that defense beyond a reasonable doubt. *Fields v. State*, 258 Ga. 595, 596 (2) (372 SE2d 811) (1988); see OCGA § 16-3-28. Whether Manning engaged in two unprovoked attacks or acted in defense of herself and her child was solely for the jury to resolve. *Luke v. State*, 222 Ga. App. 203, 206 (2) (474 SE2d 49) (1996). Because the evidence adduced at trial was sufficient to authorize the jury's finding Manning guilty beyond a reasonable doubt of aggravated assault and simple battery within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the trial court properly denied the motion.

4. The trial court did not err in refusing to permit Manning to ask the victim questions about his use of a false name or other social security numbers. The trial court granted the State's motion in limine to preclude Manning from attempting to impeach the victim with his misdemeanor conviction for providing a false name, unless she produced a certified copy of the conviction. When defense counsel later attempted to inquire about the prior conviction without first

showing the certified copy, the court prohibited that line of questioning. This was improper impeachment, and the trial court properly sustained the objection. *Roberts v. State*, 267 Ga. 669, 671 (2) (482 SE2d 245) (1997).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 27, 1998 —
RECONSIDERATION DISMISSED MARCH 25, 1998

*Michael B. King*, for appellant.

*Robert E. Keller, District Attorney, Brian J. Amero, Assistant District Attorney*, for appellee.